## Overstreet's Executrix, etc. v. Eagles, Treasurer, et al.

(Decided November 26, 1918.)

### Appeal from Daviess Circuit Court.

1. Counties—Fiscal Courts—Advertising Financial Condition of County—Injunction.—Under section 1846 of the Kentucky Statutes it is the duty of the fiscal court to publish annually in one newspaper published in the county a statement showing the financial condition of the county, but this statement can only be published in one newspaper; and after this statement has been published in one newspaper the fiscal court may be enjoined by a taxpayer from paying for its publication in another paper.

2. Counties—Fiscal Courts—Appointment of Agents.—Fiscal courts may appoint agents to discharge ministerial duties not calling for the exercise of discretion, but can not go beyond this or vest agents with discretionary power.

3. Counties—Fiscal Courts—Mandatory Duties—Appointment of Agents.—Where the duties of a fiscal court in respect to a matter are made mandatory, as in respect to the publication of financial statements, it may appoint an agent to have the statement published, as this does not vest him with any discretion because the cost of such publication is fixed by section 14a of the Kentucky Statutes.

4. Counties—Fiscal Courts—Unlawful Appropriation May Be Enjoined by Taxpayer.—A suit may be brought by a taxpayer to enjoin the fiscal court from making an unlawful or unauthorized appropriation of the public fund.

W. T. ELLIS for appellants.

W. P. SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This suit was brought by H. G. Overstreet, a taxpayer of Daviess county, suing in his own right and for the use and benefit of the other taxpayers of the county, to enjoin the treasurer of Daviess county from issuing a warrant to the Owensboro Inquirer, as he had been directed to do by the fiscal court of the county.

The lower court dissolved the temporary injunction that had been issued, dismissed the petition and the case has been brought here by Overstreet, who asks us to grant an appeal and reverse the judgment as the amount in controversy is over $200.00 but less than $500.00.

There are no questions of fact involved and the decision of the case must turn on the proper construction of certain sections of the Kentucky Statutes, and certain orders made by the fiscal court of Daviess county.

It is provided in section 1846 of the Kentucky Statutes that "It shall be the duty of the fiscal court of each county to cause to be published annually, in one newspaper published in said county, a statement showing the financial condition of the county." The section further sets forth the matter that the statement to be published shall contain, and also declares that if any fiscal court shall fail or refuse to cause the statement to be published the members thereof shall be guilty of an offense and subjected to the fine specified in the section.

Although it has no direct relation to the question before us in this case, we think it not inappropriate to refer to section 1884 of the Kentucky Statutes, which provides for the publication of sheriffs' settlements directing that these settlements "shall be published for at least two weeks in the paper published in the county having the largest circulation therein, if any be published in the county; if none, then the settlement shall be published by written or printed hand bills posted at the front door of the court house, and at least three other public places in the county."

In this connection it also seems pertinent, for reasons later to be set forth, to direct attention to section 14a of the Kentucky Statutes relating to the advertisement in newspapers of matter required by law to be published. This section, after setting forth that advertisements of property to be sold at judicial sales shall be published, unless otherwise agreed upon, in some newspaper printed in the county, further provides "That for all newspaper advertising required by this act, or by other law, the publisher shall be entitled to receive as full compensation" the price specified in the section.

It further appears that in 1917 there were three newspapers published in Daviess county, viz.: the Owensboro Inquirer; the Owensboro Messenger; and the Owensboro News; and that on April 3, 1917, the fiscal court of Daviess county made and entered, as appears from the records of the court, the following order:

"On motion of Esq. Cook and seconded by Esq. Hite, it is ordered by the court that the financial statement

of Daviess county be prepared by the county judge, which statement is to be approved by the county attorney of Daviess county, and published in one newspaper of Daviess County—as the law directs."

It further appears that the county judge of Daviess county assuming to act under the authority of this order contracted with the Owensboro Messenger, the paper having the largest circulation in the county, for the publication of the financial statement at a cost of $364.00, which we may assume, in the absence of any showing to the contrary, was a proper charge for the publication of the statement under the rate fixed and provided by section 14a of the Statutes.

Thereafter, in seasonable time, the statement was published in the Owensboro Messenger and it was paid therefor by the fiscal court the sum of $364.00.

On June 21, 1917, and after the statement had been published in the Owensboro Messenger, under and by virtue of the order of the fiscal court heretofore set out and the Owensboro Messenger had been paid the stipulated price, the fiscal court made and entered on its records the following order:

"On motion of Esq. Ware and seconded by Esq. Smeathers, it was ordered by the court that the financial statement of Daviess county for the fiscal year ending April, 1917, be published in the Owensboro Inquirer as has been published in the Owensboro Messenger."

After this order was made, the statement that had theretofore been published in the Owensboro Messenger, was published in the Owensboro Inquirer, and thereafter the fiscal court directed the treasurer of the county to pay to it the cost of the publication, $364.00; and thereupon this suit was brought by Overstreet to enjoin the treasurer from issuing his warrant for this amount.

It will be observed that section 1846 of the statutes puts on the fiscal court the mandatory duty of having printed in a newspaper published in the county the statement here in question and that the fiscal court has no discretion to exercise in directing the publication in the manner required by the statutes as its duties in this respect are plainly pointed out, and the failure to perform them subjects the members to a penalty. It will further be noticed that this section only authorizes and permits the publication to be made "in one newspaper

published in said county." This section does not provide, as does section 1884, that the publication of sheriffs' settlements shall be in that paper "published in the county having the largest circulation therein." It merely directs its publication "in one newspaper published in the county." It thus appears that the statute in reference to the publication of financial statements will be satisfied if the fiscal court directs the publication to be made in any newspaper published in the county, although there might be others published in the county having a larger circulation than the one in which the publication was made. It is not apparent why the legislature, in section 1846, did not direct that the publication should be made in that paper having the largest circulation in the county as was provided in section 1884 in respect to the publication of sheriffs' settlements; although it would seem that both of these publications should be made in that paper having the largest circulation in the county in order to carry out the purpose of the statute requiring the publication. Passing this, however, as not pertinent to the question at issue we think that under the plain reading of the statute, the power of the fiscal court, in reference to the publication of the financial statement as directed by section 1846, is exhausted when it has directed its publication in one newspaper published in the county. After the statement, by order of the fiscal court, has been published in one newspaper, it is very clear that the fiscal court has no authority whatever to order or direct that the same publication shall be printed in any other newspaper at the cost of the county. The statute limits the publication to one paper at the cost of the county, and if the fiscal court could ignore this limitation and provide for the publication of the same statement at the cost of the county in two newspapers, there is no reason why it might not order its publication to be made in three or any greater number of newspapers that were published in the county and thus put upon the taxpayers of the county, in violation of the statute, the burden of paying the price for the publication in as many papers as were published in the county, although it only has authority to direct the publication in one of them.

It follows from what we have said that if the publication in the Owensboro Messenger was authorized by the fiscal court, it had no authority to subject the county

to the cost of having the same publication made in the Owensboro Inquirer, and this being so, Overstreet, as a taxpayer of the county. had the right to institute and maintain this suit to enjoin the payment of the warrant about to be issued to the Owensboro Inquirer.

It is, however, argued by counsel for the Owensboro Inquirer that the publication in the Owensboro Messenger was unauthorized, and this argument is put upon the ground that the fiscal court did not, by its order of April 3, 1917, direct or authorize the county judge to have the statement printed in the Owensboro Messenger or any other paper, and furthermore that the fiscal court had no power to delegate to the county judge or to any other person the authority to act for it in a matter that involved the exercise of discretion or judgment.

It is true that the order of April 3, 1917, did not in so many words direct the county judge to have the statement published in the Owensboro Messenger or indeed in any other newspaper, but we think there can be no doubt that the plain meaning of the order was that the statement should be published and that the duty of having this done should be attended to by the county judge, to whose discretion was left the paper in which it should be made.

The remaining question is—Could the fiscal court, by the order it made, confide to the county judge the selection of the paper in which the publication should be made, or in other words, did the fiscal court, in authorizing the selection of the paper to be made by the county judge, confide to him a discretion that it was unauthorized to confer?

We have written in J. I. Case Threshing Machine Company v. Commonwealth, 177 Ky. 454; Floyd County v. Owego Bridge Company, 143 Ky. 693; O'Kelly v. Lockwood, 154 Ky. 544, and other cases, that are referred to in the ones mentioned, that fiscal courts may "appoint agents to discharge ministerial duties not calling for the exercise of reason or discretion, but cannot go beyond this and delegate to others a discharge of duties which call for reason and discretion and which are regarded as public trusts," and this sound business rule, applicable to public bodies such as fiscal courts, should be strictly adhered to, but we find no place for its application in the case we have.

The fiscal court of Daviess county did not commit to the county judge by the order of April, 1917, the performance of any duties requiring the exercise of discretion on his part except the one that related to the paper in which the publication should be made and the discretion in this respect did not delegate to him either power or authority to create any liability against the county or impose in any manner any burden upon its people that was not required by the statute. The statute, as we have seen, does not provide that the publication shall be made in the paper having the largest circulation in the county, and therefore the statute would be satisfied by its publication in any paper published in the county, although it should here be said that the county judge did, after inquiry, have the publication made in that paper published in and having the largest circulation in the county. In view of these statutory provisions, it cannot be said that the fiscal court confided to the county judge the exercise of any discretion or powers that were opposed to the principle announced in the cases referred to.

The statute made it the mandatory duty of the fiscal court to have the statement published and it fixed the price that the newspaper should charge for the publication, so that in respect to these material things the fiscal court had no discretion to exercise and consequently none that it could or did confide to the county judge or any other person. The duties of the fiscal court, in ordering the publication to be made, were purely ministerial, as was the act of the county judge in merely delivering the statement to the paper in which it was published.

Accordingly the fiscal court was without authority to order the publication of this statement to be made in the Owensboro Inquirer or any other paper, and this being so, Overstreet, as a taxpayer of the county, had the right to bring this suit to enjoin the issual of the warrant to the Inquirer.

Wherefore, the appeal is granted and the judgment reversed, with directions to enter a judgment making the injunction that was sought perpetual.