McDonald's Adm'x, &c., v. Franklin County.

CASE 23.—ACTION BY FRANKLIN COUNTY AGAINST PAT Mc-
DONALD'S ADMINISTRATRIX AND OTHERS TO
RECOVER MONEY WRONGFULLY PAID BY THE
COUNTY TO SAID DECEDENT.—March 22.

## McDonald's Adm'x, &c., v. Franklin County.

Appeal from Franklin Circuit Court.

ROBERT L. STOUT, Circuit Judge.

Judgment for plaintiff. Defendants appeal.
Affirmed.

1. Counties—Payments under Void Warrants—Remedies.—Where a warrant for the payment of a claim against a county, and the order on which it was issued, were void, the county was not required to prosecute an appeal from the order before it could sue for the money paid on the warrant.
2. Same—Implied Contracts.—A county cannot become indebted for personal services rendered it on an implied assumpsit.
3. Same—Records.—Under Ky. Stats., 1903, section 1837, providing that the fiscal court of a county can only act at stated and called meetings, and section 1843, requiring it to keep a record of its acts or the same shall be void, a contract for the employment of one to render services for the county is void, where no record of the employment is made.
4. Same—Acts of Fiscal Court.—An order directing the issuance

of a warrant payable to a person named in payment for services rendered a county signed by the county judge of the county and by its magistrates constituting the fiscal court, but not by the fiscal court in session, is not an act of the court, and is void, and the county court has no jurisdiction to record it.

5. Same—Order of Fiscal Court—Collateral Attack.—An order directing the clerk of a county to issue a warrant to a person named in payment of services rendered for the county signed by the persons constituting the fiscal court, but not by the fiscal court in session, is void, and may be collaterally attacked by the county.

6. Money Received—Recovery of Money Wrongfully Paid.— Where a county pays money under a void warrant through the mistake of its officers and the person receiving the money the county may recover it as for money had and received.

M. J. HOLT for Appellant.

GUY BRIGGS of Counsel.

### POINTS AND AUTHORITIES.

1. The County Court sitting as fiscal court is a court of exclusive jurisdiction. It is a court of record. Its judgments are conclusive until vacated by appeal. Its minutes and records are the only legal evidence. (Ky Stat., secs. 1842-1834-1840; Gen. Stat. Chapt. 28, Art xvi, section 1, Art 17, sections 1 to 11; 2 A K. Mar., 603; Wm. Talbot v. David; 11 Bush, 240; Garrard County Court v. McKee; 17 Ky. L. Rep., 1315; Highbaugh v. Hardin Co.)

2. The order of the fiscal court allowing the claim of Pat McDonald was a judicial order. The only acts of that court which are void are those made beyond its jurisdictional powers. Irregular and informed acts are not void. (Kimball v. Fisk, 75 Am Dec., 218.)

3. The county acting through its fiscal court cannot deny its own records. These orders are conclusive until vacated or modified by appeal. (Highbaugh v. Hardin Co., 11 Bush, 240; Snelson v. State, 16 Ind., 29; Commissioners v. Warren Co., 42 Ind., 32; Enc. of Law, pp. 1008-983-960; Plummer v. Waterville, 32 Me. 56).

4. Where by statutory provision a county has an appeal to the circuit court from any decision of the fiscal court such legal

McDonald's Adm'x, &c., v. Franklin County.

remedy must be pursued and equitable relief cannot be invoked. Appellees remedy was by appeal from the order allowing the claim. (Kentucky Statutes, section 978; Wood v. Bangs, 1 Dakota, 172; 7 A. & E. Enc. of Law, 1003.)

5.  The allowance of this claim was a judicial act requiring the exercise of discretion by the fiscal court, a court having original exclusive jurisdiction of the subject matter; therefore an appeal the only remedy. The order cannot be attacked collaterally but is conclusive until reversed, vacated or modified.    (7 A. & E.

1st.  The circuit court had not jurisdiction of the subject

6.  The special demurrer of appellants should have been sustained, because:

1st. The circuit court had not jurisdiction of the subject matter.

2nd.  The action is not prosecuted by the real party in interest.

3rd.  There was a defect of parties defendants.

7.  The general demurrer of appellants should have been sustained because:

1st.  The action is a collateral attack of a final judgment.

2nd.  The petition does not allege that the allowance of the claim was because of the representations of the defendants. The fiscal court was bound to know whether McDonald was employed, and if employed the valuation of the service and the allowance of the claim is conclusive in this action. The petition and court orders show all the court signed the order except one member.

3rd.  There is no allegation that the order allowing the claim has ever been reversed, vacated or modified.

4th.  The allegation of fraud is insufficient to confer jurisdiction upon the circuit court.

8.  The order allowing McDonald's claim and the payment of same is final unless same was entered and procured by fraud and collusion between said court or its members and the defendants or either of them.

9.  The appellee is estopped in this action from denying its own records. All of appellee's proof is incompetent.

10.  The county attorney on his own motion or authority cannot bring an original action to recover money in the name of the county. (Ky. Stats. secs. 126-127; Gen. Stat., Chapt. 5, Art 3, secs. 1, 2, 3, 4, 7.)

The Waters case, 23 L. R., 669, merely decides that the county attorney may prosecute an appeal "when the county court orders him to do so."

11.  The judgment is contrary to the evidence in that no fraud

McDonald's Adm'x, &c., v. Franklin County.

is shown. The employment is admitted by the fiscal court. The service was for the county and was worth the amount allowed.

T. L. EDELEN for Appellee.

## POINTS AND CITATIONS.

1. The officers of a public corporation cannot bind the corporation by individual action. Before they can make an order binding the public, there must be a meeting in the manner prescribed by law, opportunity for the interchange of opinions as to the justice or injustice of the claim, an opportunity for proof for or against, and a final determination after such deliberation and proof. Any other action taken by them individually is coram non judice and void. It is not the act of the board, but the unwarranted attempt to act of the individuals. (Kentucky Statutes, sections 1843, 126, 1837, 1838, 1842; 15 Am. & Eng. Ency. of Law, p. 1028 (1st. ed); 20 Am. & Eng. Ency. of Law, p. 1210 (2d. ed.); Dillon on Municipal Corporations, sec. 259; Beach on Public Corporations, sec. 275; Cook on Corporations, sec. 731-A, page 1748: West Jersey Traction Co. v. Camden, &c., 53 N. J. Eq. 163; Columbia Bank v. Gospel Tabernacle, 127 N. Y., 361; Duke v. Markham, 105 N. C., 131; Buttrick v. Nashua, &c. R., 62 N. H., 413; State v. People's Ac. Asso., 42 Ohio St., 579; Junction R. Co. v. Reeve, 15 Ind., 236; Elliott v. Abbott, 12 N. H., 549; People's Bank v. St. Anthony, &c. Church, 109 N. Y., 512; Calumet Paper Co. v. Haskell, &c. Co., 144 Mo., 331; National Bank v. Drake, 35 Kan., 576; Keeler v. Frost, 22 Barb., 400; Schuman v. Seymour, 24 N. J. Eq., 113; Taymouth v. Koehler, 35 Mich., 22; Herrington v. District, &c., 47 Iowa, 11; McCortle v. Bates, 29 Ohio St., 419, 23 Am. Rep., 758; Dey. v. Jersey City, 19 N. J. Eq., 412; Baltimore v. Poulney 25, Md., 18.)

2. In the absence of the action described in the preceding point, the written memorial of the individuals attempting to bind the public is in no sense a record. (Same citations).

3. Where the money of a county has been taken from its treasury without consideration, an action may be maintained to recover it as for money had and received without consideration.

4. In the absence of a bill of exceptions, the only question before this court on appeal it, whether the pleadings warranted the judgment. (Pritchett v. Dickson, 8 Ky. L. Rep., 426; Brann v. Ruhl, 1 Ky. L. Rep., 352; Anderson v. Winfree, 85 Ky., 597; Ball v. Wood, 87 Ky., 56; Freeman v. Lander, 3 Ky. Law Rep., 324; Beall v. Bethel, 3 Ky. Law Rep., 693.)

McDonald's Adm'x, &c., v. Franklin County.

5. The lower court was not asked to separate the conclusions of law and fact; the judgment rendered by the court therefore will be treated by your honors as a judgment upon a verdict of a properly instructed jury. (Prichett v. Dickson, 8 Ky. Law Rep., 426; Collins v. Wheeler, 9 Ky. Law Rep., 1013; Petty v. Meritt, 14 Ky. Law Rep., 815; Pilkington v. Fayette Bank, 15 Ky. Law Rep., 59; Slusher v. Jones, 15 Ky. Law Rep., 575; Queen City Sash & Door Co. v. Cochran, 15 Ky. Law Rep., 845; Morris v. Apperson, 11 Ky. Law Rep., 838).

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Franklin county had a bonded indebtedness of $62,000, which it desired to refund. The fiscal court of the county entered an order on its records directing the refunding of the debt, and appointing a committee composed of Magistrate Thompson, County Attorney Polsgrove, and County Clerk Smith to advertise for bids for the funding bonds. The committee acted, and the bonds were sold to a Cincinnati firm of brokers. Pat McDonald, Sr., participated to some extent in the transaction. His representatives claim he acted as a financial agent for the county by its employment. The county claims he was acting for the brokers. After Mr. McDonald's death, which occurred not a great while after the debt was refunded, his son presented a claim to some of the magistrates, if not to the fiscal court, for his services. There is no record of the fiscal court either that McDonald was employed in the matter at all, or that any claim for his services was presented to the court. A paper was drawn up and signed, which was taken as authority for the issuance of a warrant upon the county treasury for $450, in payment of the claim. This paper was not presented in or acted upon by the fiscal court in session. The paper is in the following words: "That the undersigned request and

vol. 125—14.

authorize N. B. Smith, C. F. C. C., to issue a Co. warrant payable to Pat McDonald, Jr., for $450.00 in full payment for Pat McDonald, Sr. (deceased), attorney to sell Co. bonds $65,000 in amount in the year payable out of the levy 1901. S. M. Tinsley, J. P. F. C. George B. Thompson, J. P. F. C. W. C. Guthrie, J. P. F. C. Joseph P. Pfeiffer, J. P. J. D. Moore. Franklin county, Monday, October 28th, 1901.'' This paper was presented to the county clerk, who entered it upon the records of the county court proceedings, and issued a warrant for $450 in favor of Pat McDonald, Jr. This warrant was paid by the sheriff out of the county levy funds, and was received by the representatives of Pat McDonald, Sr. County Attorney Polsgrove prosecuted an appeal to the circuit court from the order of the county court allowing the claim; but before the appeal was disposed of there had been a change of officials, and the fiscal court directed County Attorney Buford to bring an action against Pat McDonald, Sr.'s, representative to recover the $450. This suit was brought under that authority. The result was a judgment in favor of the county adjudging that it recover from the McDonalds the money paid out on the wararnt. They prosecute this appeal from that judgment.

Their first contention is that the county could not prosecute both actions at the same time—the appeal referred to, and this suit at law for money had and received. In the view we have taken of the matter the appeal need not to be further considered, nor considered at all in this case; for we have reached the conclusion that the warrant was void, as was the order upon which it was issued. That being so, it was not necessary for the county to prosecute an appeal from the order before it could pursue any other remedy to

which it was entitled. Whether Mr. McDonald acted
for the county in the transaction of refunding the
bonds we do not deem it necessary to inquire, though
the proof on the point was conflicting; but the court
is of opinion that a county cannot become indebted
for personal services rendered it upon implied
assumpsit. The county is a political subdivision of
the state, though for many purposes it is deemed a
municipality. Its power of contracting indebtedness
is limited to the matters expressly conferred by the
Legislature, or which are conferred by necessary im-
plication as an incident of powers expressly con-
ferred. Not only is it limited as to the things for
which, but it is limited as to the manner in which, it
may become bound by contract. It may be conceded
that being expressly authorized to refund its bonded
debt it was impliedly empowered to employ all neces-
sary agents, and incur all necessary expenses in doing
so. The fiscal affairs of the county are not, as seems
to be supposed, confided to a certain number of magis-
trates, but are given solely to the fiscal court of the
county (or to county commissioners, if the people of
the county so elect). This tribunal acts as a body.
It can only act at stated or called public meetings,
at which a majority of the magistrates constituting it
must be present, and a majority of those present con-
curring. Section 1837, Ky. Stats., 1903. It must keep
a record of its acts. It must show by whom it was
holden, and be signed by its presiding officer, or its
acts are null. Section 1843, Ky. Stats., 1903. As
stated, there is no record of the alleged employment
of Mr. McDonald in the bond matter. Consequently
there was no action by the fiscal court as such in
making such employment.

The paper signed by County Judge Moore and by

certain of the county magistrates, even though it were signed by all the magistrates of the county, and therefore by all constituting the fiscal court, is not an act of the court. The paper is of no legal effect. Such bodies, when acting for the municipality, must act as a unit—as a body. There is a wise reason for the provision. Public meetings at which the county attorney, the legal representative of the county, must be present, or have an opportunity to be present, give security against heedless measures being adopted. They invite discussion and examination, and are some guard against ill-advised action. Publicity in such matters concerning the community is one of the best guaranties against improvident action by the public representatives. Then the public record which is required to be kept is an additional safeguard to the public, affording the best evidence of what is done on its behalf, and a check against irresponsibility and extravagance. Before the present Constitution, the fiscal affairs of the counties were intrusted to the county court, composed, it is true, of the same magistracy, but in certain limited matters presided over alone by the county judge. The county courts now have no such jurisdiction. Therefore the action of the county court in recording the order for the warrant in this case was void for want of jurisdiction in that tribunal. Nor is that order, or the paper upon which it was based, such an order or judgment as that they could not be collaterally attacked by the county or anybody else concerned. Being void, they might be, and should have been, disregarded by all.

The admitted facts are that appellants have, without lawful authority or legal right, got possession of $450 belonging to the county. Doubtless it was by a mistake on the part of the county clerk and sheriff,

as well as on the part of appellants. Nevertheless. it was without warrant of law. An action to recover it as for money had and received properly lies in the name, and on behalf of the county.

Such was the judgment of the circuit court, which is affirmed.