## McKechnie, et al. v. Canada.

(Decided March 20, 1923.)

### Appeal from Wayne Circuit Court.

1. Highways—Fiscal Court One of Limited Jurisdiction, Whose Powers Include Power to Appropriate Funds to Provide for Good Condition of Highways.—The fiscal court is one of limited jurisdiction, whose powers, as set forth in Ky. Stats., section 1840, include the power to appropriate county funds authorized by law to be appropriated, and to provide for the good condition of the highways and to appropriate county funds for that purpose.

2. Counties—County Judge and County Court Have no Power to Appropriate Funds Except in Emergencies.—Neither the county judge, as such, nor the county court has authority or power to appropriate public funds except in emergencies.

3. Counties—Fiscal Court can Speak Only Through its Record, and no Valid Appropriation can be Made Except by Majority at Meet-

ing Held Therefor.—The fiscal court can speak only through its record, and, no matter what action the individual members may agree upon, no valid appropriation can be made except by a majority of the members acting together as a court at a meeting held for that purpose.

4. Highways—Order for Return of Road Fund to Districts is not Appropriation of Funds.—An order of the fiscal court, providing that the funds derived from the levy of a road tax in each magisterial district should be returned to that district, is not an appropriation of such funds for the construction or improvement of the roads or bridges or other public property of the county, so as to sustain an expenditure of such funds for road purposes by the magistrate of that district.

5. Counties—Appropriation of Road Funds Should Specify Roads to be Improved.—An appropriation of road funds should be reasonably definite and certain, and should at least designate the roads to be improved.

6. Counties—Persons Dealing with Agents Must Look to Orders for Authority.—One who deals with the agent of a county must look to the orders of the fiscal court for the agent's authority, and if the agent acts beyond the scope of his authority as set forth in the order, the county is not bound by his action, regardless of the good faith of the agent.

7. Counties—Taxpayer can Prosecute Action for Funds Wrongfully Paid Out, When Fiscal Court Refuses to Prosecute.—A citizen and taxpayer may maintain an action to recover county funds wrongfully paid out under the direction of a county judge, when the fiscal court declined to allow the county to prosecute such action.

BERTRAM & BERTRAM for appellants.

J. M. KENNEDY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee Canada was one of the regularly elected, qualified and acting magistrates of the county of Wayne on January 1, 1922, and as such was ex-officio a member of the Wayne county fiscal court. On February 5, 1918, the fiscal court, over which the Honorable J. C. Denney, county judge, presided, entered the following order: "Ordered by the court that each magisterial district shall receive its *pro rata* part of the road funds of Wayne county for the year 1918, with the exception of ten per cent (10%) which will go into the general sinking fund." For each of the succeeding years during the term of appellee Canada a similar order was entered by the fiscal

court. In those years County Judge Denney assumed to act as supervisor of roads throughout the county, although there was no order designating him as such supervisor. In turn he designated the several magistrates, members of the fiscal court, to act for him in their respective districts. Pursuant to this arrangement appellee Canada was allowed by the county judge to take charge of the roads in his district and to make repairs thereon at the expense of the county. There was no order of the fiscal court, except the one above copied, or one of similar import, in any way attempting to make an appropriation of funds for the repair of the county roads. Appellee Canada expended in this way, as it is charged in the petition, $937.26 upon the various roads of his district. This action was commenced by John McKechnie and several other citizens and taxpayers of the county against appellee Canada to recover of him the said sum on the ground that there was no appropriation of the sum by the fiscal court for any specific purpose, or for any purpose at all, and that the county judge in making the allowance and causing the claims to be allowed exceeded his powers, and that of the magistrate in attempting to expend said public funds acted beyond and without his jurisdiction; that the appropriation was wholly and entirely unlawful. It was alleged in the petition that the plaintiffs, John McKechnie, et al., had moved the fiscal court to institute proceedings against appellee Canada to recover said funds, and that the said court had, by order duly entered, declined to do so and that appellants then instituted this action.

Appellee Canada filed answer in which he averred that the county Judge of Wayne county, while acting as supervisor of roads of the county, entered an order directing that each magisterial district of the county should "be paid back or receive for each year, out of the county road funds, all of the taxes for roads and bridge purposes levied, collected and paid each year by the respective magisterial districts and that the same should be expended on the public roads and bridges therein, and that the magistrate in each magisterial district should oversee the work and supervise the expenditure of the money expended yearly on the public road in the said magisterial district." Pursuant to the foregoing plan, the answer further averred that for the four years he served as a member of the fiscal court, appellee Canada caused work to be done upon the roads of his district and thereafter

presented a claim to the county judge for the sum thus expended and the county judge caused to be issued to appellee a claim on the treasurer of the county for the amount of the said work, which claim when issued to appellee was presented to the treasurer and cashed, and appellee carried the money back to his district and there paid it out to the men who performed the services; that he acted in the utmost good faith and that every dollar of the said money was honestly expended on the roads of Wayne county and that Wayne county received the full benefit thereof.

To this answer appellants filed a general demurrer which the court overruled. Appellants stood on their demurrer and declined to further plead, whereupon the court dismissed the cause, and they appeal.

The fiscal court is one of a limited jurisdiction. Its powers are set forth in section 1840, Kentucky Statutes. By that section it has power to appropriate county funds, authorized by law to be appropriated. It has jurisdiction to provide for the good condition of the highways in the county and to appropriate county funds for that purpose. Neither the county judge, as such, nor the county court has authority or power to appropriate public funds, except in emergencies. It has also been held that the powers of a county judge are incompatible with that of road supervisor and that the county judge cannot lawfully act as and perform the duties of road supervisor. Daviess County v. Goodwin, 25 R. 1081.

The fiscal court can speak only through its record, and no matter what action the individual members of that court may take, or what their individual opinion or agreements may be upon any appropriation or order, no valid appropriation can be made except by a majority of the members of the court acting together as a court, at a meeting held for that purpose. McDonald's Admr. v. Franklin County, 125 Ky. 205; Scoville v. Baugh, 27 Ky. L. Rep. 319. With the answer appellee Canada filed several orders of the fiscal court as exhibits. These orders do not sustain the averments of the answer to the effect that the fiscal court had made appropriations of certain funds for the roads of the magisterial district of appellee Canada. On the contrary they contradict the averments of the answer. The order of the fiscal court, copied above, upon which appellee relies made no appropriation for the improvements of the roads of appellee's district, and is in but a narrow sense an appropriation. It only

provides that the funds derived from the levy of a road tax in each magisterial district shall be returned to that district. The order does not undertake to appropriate the said funds to the construction or improvement of the roads and bridges or other public property of the county. Such an order of appropriation should be reasonably definite and certain. The roads to be improved should at least be designated, otherwise the entire funds might be wasted, or if not wasted, used upon a very small part of the roads in some outlying part of the district where the public would not be served. The order of the fiscal court, therefore, did not amount to an appropriation of funds for public road improvement and for this and other reasons the county judge was without authority to issue claims for money to the appellee Canada, to be spent in his district. One who deals with the agents of a county must look to the orders of the fiscal court for the agent's authority. If the agent have no authority to act, or acts beyond the scope of his authority as set forth in the order, the county is not bound by his action. The good faith of the county judge and the magistrate in the issual of the claim and the expenditure of the money is no protection in the absence of an order of the fiscal court making an appropriation for a specific purpose. In the case of Flowers v. Logan County, 148 Ky. 822, we held in substance that where the fiscal court had acted and entered an order making a definite appropriation for a specific purpose—that of building a bridge at a certain place— the order could be carried out by the magistrate even though he was not designated for that purpose. The distinction between that case and the one now under consideration is, that the fiscal court made a definite appropriation of a specific sum to be used in the construction of the bridge at a certain place on the public highway in the county; while in this case the fiscal court made no appropriation at all other than to say that the funds derived from the road tax in a magisterial district should be returned to that district, presumably for road purposes, but it did not designate or specify the roads or bridges to be improved, or the amount to be expended upon each as was done in the Flowers case. It was too indefinite.

In the case of Clark, etc. v. Logan County, 138 Ky. 676, and in the case of Black, etc. v. Davenport, 189 Ky. 40, we held that a citizen and taxpayer may maintain an action to recover funds wrongfully paid out under the

direction of a county judge, when the fiscal court declined to allow the county to prosecute such action.

The answer of appellee Canada did not present facts sufficient to constitute a defense to the petition, and the trial court erred in overruling the general demurrer to the answer and in dismissing appellant's cause.

For the reasons indicated the judgment is reversed for proceedings not inconsistent herewith.

Judgment reversed.   Whole court sitting.