## Conrad, et al. v. Pendleton County, et al.

(Decided June 9, 1925.)

### Appeal from Pendleton Circuit Court.

1. Highways—Statements of Publicity Committee in Connection with Proposed Bond Issue Held Mere Expressions of Opinion and Not Pre-Election Promises by Fiscal Court.—Where fiscal court made only one order in connection with proposed highway bond issue which provided that proceeds of bonds should be expended on intercounty seat roads, and that residue should be used on other roads but no sum was fixed therefor, statements by publicity committee appointed by fiscal court that after construction of intercounty seat highways $160,000.00 would remain for use on outside roads were mere expressions of opinion on their part and, not having been ratified or approved by fiscal court, were not pre-election promises on its part by which it was bound.

2. Counties—Fiscal Court Speaks Through its Records.—Fiscal court speaks through its records.

3. Counties—Fiscal Court Cannot Delegate its Discretion.—Fiscal court cannot delegate its discretion.

4. Highways—Contract for Construction of Highway Held Not Shown to Create Indebtedness in Excess of State Highway Commission's Resources for Fiscal Year.—Contract between state highway commission and construction company for construction of highway held not shown to create an indebtedness in excess of commission's resources for fiscal year, in violation of Constitution, section 157, in absence of a showing of amount of indebtedness or resources of highway commission at time of execution of contract, so that court could determine whether it had exceeded its authorized expenditures.

5. Evidence—Indebtedness and Resources of Highway Commission are Presumed Matters of Public Record.—Amount of indebtedness and resources of state highway commission are presumably matters of public record.

6. Highways—Contract for Construction of Highway Not Shown to be Invalid Because Contracts Aggregating Over $2,000,000.00 were Awarded About Same Time.—Contract between state high-

way commission and construction company for construction of highway was not shown to be invalid under Constitution, section 157, because contracts aggregating over $2,000,000.00 were awarded about the same time, since other contracts may have been let subsequently, and contract in question would be valid, though some of others were invalid.

ALLEN D. COLE for appellants.

SWINFORD & BARKER and L. P. FRYER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On September 4, 1922, upon a petition duly filed, the county judge of Pendleton county entered an order submitting to the voters of that county at the November, 1922, election the question:

"Are you in favor of issuing $250,000.00 in bonds for the purpose of building roads and bridges?"

On September 14th, the fiscal court of that county in conformity with the provisions of section 4307a-1, Kentucky Statutes, regularly appointed six commissioners as a county road commission to handle the funds derived from the sale of the proposed bonds in the event the issue was carried. It also in the same resolution appointed a publicity committee composed of the members of the commission and some others. In the same order it was provided that, "in the event said bond issue carries the proceeds of said bonds will be expended upon the inter-county seat highways as now designated by law or that may hereafter be designated. The residue of the money arising from the sale of the bonds shall be equitably distributed on all other roads in the county."

The election resulted in a majority in favor of the bonds. On January 6, 1923 the county bond commission adopted and submitted to the fiscal court for its approval a resolution requesting the state highway commission "to engage with Pendleton county in the construction of project No. 21 from the Campbell and Pendleton county line through Butler to the junction of project No. 21 and No. 62, approximately a distance of seven miles in Pendleton county. . . . The county of Pendleton to pay one-half thereof and the state of Kentucky the other

half, the state to take over and hereafter maintain same as a part of the state highway.'' This resolution was on the same day presented to the fiscal court and an order regularly entered by that body approving and adopting it. The matter was taken up by the state highway commission and in conformity with those requests that commission on November 15, 1923, entered into a contract with the Cynthiana Construction Company for the construction of a reinforced concrete highway in Campbell and Pendleton counties along the highway mentioned, a distance of ten miles, at a cost of $349,167.82, the Pendleton county part being apparently the distance set out in the resolution.

It appears that the publicity committee above named carried on an active campaign in favor of the bond issue and issued a circular over their names, headed ''Some facts and figures on the $250,000.00 bond issue.'' It recited the amount of the bonds to be issued, their denomination, rate of interest and amount of the taxable property of the county and various lengths of time for which they might be issued, the annual cost to the county to retire the bonds within certain stated periods, and the tax rate necessary for that purpose, the cost of maintenance of roads under the then system, and the relief that would be afforded from such expenditure by permitting the state highway commission to contruct and maintain them, together with the statement ''that the state of Kentucky agrees to pay 50% of the cost of construction of inter-county seat roads and thereafter to take same over and keep them in repair.'' It further stated: ''Outside of the inter-county seat roads there will be at least $160,000.00 out of the bond issue to be spent on side roads.''

This action was filed by certain taxpayers of Pendleton county on the 10th of March, 1924, and the above facts set out in the petition. It alleged that the publicity committee was an agent of the fiscal court and as such had authority from that tribunal to represent it in the campaign before the voters and styles the statements in the circular as ''pre-election promises on the part of the fiscal court.''

It further alleged that Pendleton county's part of the contract mentioned made by the State Highway Commission exceeded the sum of $100,00.00; that if the pro-

ceeds of the bond issue are devoted thereto, less than $150,000.00 will remain for outside roads even without the improvement of other inter-county seat highways and that this is in violation of the "pre-election promises of the court" above alluded to, and is therefore unenforceable.

It is also alleged that the road contract above mentioned was invalid for the reason that it was in excess of the balance of the unappropriated revenues authorized to be expended by the state highway commission for the fiscal year in which it was executed, and that the construction company upon the theory of privity of contract is seeking to obtain the proceeds of said bond issue. The relief sought is to enjoin the court and county from issuing the bonds or from paying the proceeds thereof, or any part of them, to the construction company, and that the latter be enjoined from asserting any claim thereto. A general demurrer was sustained to the petition and plaintiffs declining to plead further it was dismissed. Plaintiffs appeal.

It is argued that the order of the fiscal court, *supra*, provided for a residue for the benefit of outside roads; that the publicity committee appointed by the fiscal court was authorized by the court to make definite statements in reference thereto, and that in fixing the residuum at $160,000.00 they were acting within the scope of their authority, and this that constituted "a pre-election promise" which was binding on the court, and it is thereby precluded from expending in excess of $90,000.00 on the inter-county seat highways; that as the admitted expenditure exceeds that sum, such expenditure is a diversion from the purposes for which the bonds were voted by the people and is therefore illegal. We are not impressed with this argument. The fiscal court speaks through its records. McKechnie v. Canada, 198 Ky. 807; McDonald v. Franklin County, 125 Ky. 205, 30 Rep. 1245; City of Clinton v. Hickman County, 160 Ky. 687. In this case the court made only one order and that order clearly provided that the proceeds of the bonds should be expended upon the inter-county seat roads and this is being done. It also provided that the residue should be used on other roads, but no sum was fixed therefor and clearly the amount of the residue, or even the existence of any amount, is contingent upon a balance remaining after paying for the improvement of the roads first

named. The statute, *supra,* authorizes the county com-
mission to exercise some authority in the designation
of the roads, but the commission appointed in this
instance took no action before the election, and the
statements in the circular issued by the publicity commit-
tee, that after the construction of the inter-county seat
highways, $160,000.00 would remain for use on outside
roads was a mere expression of opinion on the part of
those who signed that instrument. It was in no sense
an action of the court or of the commission, and in so
doing those gentlemen could not have acted as agents of
the court, as it requires an exercise of discretion to
apportion the proceeds of the bond issue and direct its
distribution, and it is well settled that the fiscal court
cannot delegate its discretion. Floyd County v. Owego
Bridge Co., 143 Ky. 696; O'Kelley v. Lockwood, 154 Ky.
544; Overstreet's Extrx. v. Eagle's Treas., 182 Ky. 224;
Case Threshing Machine Co. v. Commonwealth, 177 Ky.
454.

Nor is it claimed that any part of the circular quoted
was ratified or approved by the orders of the fiscal court,
hence it cannot be said that the statements quoted con-
stituted pre-election promises upon the part of that body,
or that it was in anywise bound by them. Scott v. Forrest
174 Ky. 672; Percival v. City of Covington, 191 Ky. 337;
Reynolds v. Bracken Co., 192 Ky. 180, are in harmony
with these views, as in each of those cases the matters
in issue were duly recorded orders and resolutions of the
court.

(2) The petition alleges a privity between the
county and state highway commission in the contract
with the Cynthiana Construction Company, and if the
highway commission was a party to the suit the validity
of the contract in question might be considered in the
action. There was no special demurrer to defect of par-
ties, but if the petition stated a cause of action the court
could require the plaintiff to make that commission a
party defendant, so that the only question is whether a
general demurrer should have been sustained. The alle-
gation is:

"Plaintiffs further state that the said contract
between the said state highway commission and said
Cynthiana Construction Company is void and of no
binding force upon the Commonwealth of Kentucky,
or upon the said road funds thereof, because neither
the state highway commission or any member

thereof had any power to make a contract, or to
bind the Commonwealth of Kentucky or the road
funds of said' Commonwealth beyond the revenues
accruing to said road fund for the fiscal year during
which said contract is awarded, to-wit, the year com-
mencing the first day of July, 1923; that other con-
tracts were awarded at or about the same time as
the contract between the said state highway com-
mission and the defendant, Cynthiana Construction
Company, the total amount to be expended under
said contract so awarded from the road funds of
said Commonwealth of Kentucky being over
$2,000,000.00, and if the contract mentioned herein
is executed and performed, the contract price
thereof will be in excess of the revenue of said road
fund which under the law can be used to pay the said
Cynthiana Construction Company on account of said
contract, since said sum will be in excess of the
balance of revenues not already appropriated which
under the law will accrue to said state highway com-
mission for said fiscal year and the expenditure of
which may now be or could then have been con-
tracted for, all of which is contrary to sections 49
and 50, Kentucky Constitution.''

In a number of cases we have held that it was
incumbent upon the party attacking the validity of an
indebtedness of a municipality to allege and prove that
the indebtedness exceeded the debt limit authorized by
the Constitution. Carter v. Krueger, &c., 175 Ky. 399;
City of Winchester v. Winchester Water Works Co., 149
Ky., 177; City of Louisville v. Gosnell, 22 Rep. 1524;
McCreary County v. Mayer, &c., 178 Ky. 366. The fol-
lowing excerpt from the Gosnell case being directly in
point:

"The second paragraph which undertakes to
rely upon section 157 of the Constitution is, if we
understand correctly, a statement that the amount
of the contract price under consideration, which has
been held to be for repairs, viz., $577.07, makes the
amount of the indebtedness of the city for the
repairs of streets for that year exceed the total
revenue and income of the city for that year by the
amount of $577.07. We hardly think counsel
intended to make such a statement. But we are not
of the opinion that facts to show that this contract
was in violation of section 157 of the Constitution

have been sufficiently pleaded in this paragraph. The judgment is therefore affirmed."

The pleading does not state the amount of indebtedness or the amount of the resources of the highway commission at the time of the execution of the contract, or set out any facts or figures upon which the court could determine whether or not that body had exceeded its authorized expenditures. Presumably these are matters of public record that should be pleaded. There are no allegations to the contrary, and nothing to show that this information is unobtainable by the pleader or any reason offered for not making a definite statement in reference thereto, hence there is no basis for the charge that the execution of the contract created an indebtedness in excess of the resources of the commission for the fiscal year 1923, and such allegation is but a mere conclusion of the pleader.

Aside from this, it will be observed that it is alleged that contracts aggregating over $2,000,000.00 were awarded at or about the same time the contract in question was executed. Construing this allegation most strongly against the pleader it may be that the other contracts were let subsequently and that this contract may be valid, though some of the others are invalid. We conclude that the paragraph pleaded did not state a cause of action.

The validity of the bonds has been attacked on several grounds but there is no merit in any of these contentions and all of them have been abandoned on this appeal.

The judgment of the lower court being in accordance with these views it is affirmed.

Judge Clarke not sitting.