# Wagner v. Wallingford.

(Decided Jan. 25, 1935.)

LOUIS REUSCHER and VINCENT REUSCHER for appellant.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Appellant, alleging that he was a resident and taxpayer of the city of Newport, brought this action at law for and on behalf of himself and for the use and benefit of all other citizens and taxpayers of said city.

The petition sets out that the appellee, Wallingford, accepted appointment as city manager of Newport on the 4th of January, 1932, at a salary of $8,000 a year; that during the years 1932 and 1933 appellee received the sum of $3,935.14 in excess of the limit provided in section 246 of the Constitution of Kentucky. Appellant asks judgment against appellee in this amount, together with interest from the various dates when payments of salary in excess of the constitutional limit were made.

Appellee filed a special demurrer to this petition on the ground that appellant was without legal capacity to sue. The lower court overruled the special demurrer and also a general demurrer, and appellee then filed an answer, to which appellant demurred. The court overruled appellant's demurrer to the answer, whereupon

478

appellant declined to plead further, and the petition was dismissed. This appeal is taken from the judgment dismissing the petition.

We are met at the outset by the question presented by the special demurrer of the appellee. Unless appellant has legal capacity to sue, we must affirm the judgment without a consideration of the merits.

Obviously, the primary right to recover the sums sued for in this action rests in the municipality. We expressly so held in the case of Schoening v. Paducah Water Company, 230 Ky. 453, 459, 19 S. W. (2d) 1073. Before a taxpayer may maintain an action to recover funds due a municipality, he must request the appropriate officers of the municipality to act. Until it is made to appear that the public officers charged with a duty to act have refused to do so, there is no occasion for intervention of a citizen and taxpayer for the protection of himself and others similarly situated. 19 R. C. L. 1167, sec. 441.

Appellant does not allege any demand on the public officers of Newport to bring this suit nor any circumstance indicating their refusal to do so. We think that the special demurrer should have been sustained. The same result has been reached, however, through the judgment dismissing the petition.

The judgment is affirmed.