## Pike County et al. v. Young et al.

(Decided Dec. 15, 1936.)

P. B. STRATTON for appellants.

W. W. BARRETT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

O. A. Stump, as county judge, and a citizen and taxpayer of Pike County, brought this action against J. M. Young, former jailer, to recover fees which he had collected and retained in excess of the $5,000 limit fixed by the Constitution. A special demurrer was sustained to the petition and the petition dismissed. As county judge and taxpayer, Stump appeals.

Under the statute now in force, the control of the fiscal affairs of the county is in the fiscal court, and the county judge, either as a county court or a member of the fiscal court, is not authorized to sue on behalf of the county. However, the county judge, as a taxpayer suing on behalf of all taxpayers of the county, may maintain an action, but only after there has been a demand on and a refusal by the fiscal court to sue, or the circumstances are such as to show that a demand would have been futile. Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606.

The facts relied on to dispense with a demand on the fiscal court are in brief as follows: An order was entered by the fiscal court directing an audit of the accounts of J. M. Young, ex-jailer, and J. E. Stanley, jailer, and directing and empowering the county judge and county attorney to employ extra counsel, if they deemed it necessary, to file suit against Young and Stanley to recover moneys alleged to be due Pike County. Shortly thereafter another order was entered directing suits to be filed against Young and Stanley, and employing P. B. Stratton to assist in preparing and prosecuting the suits. Later on an order was entered setting aside the former orders, and directing that the suits be dismissed, and that Stratton be discharged. If the fiscal court had merely directed suits to be brought by the county attorney, and had thereafter rescinded the order and directed the suits to be dismissed, it might be said that their conduct indicated the futility of a subsequent demand to bring suit; but, inasmuch as the first order authorized not only an audit of the accounts of the ex-jailer and jailer, but the em-

ployment of additional counsel to assist in the preparation and prosecution of the suits, and the members of the fiscal court may have rescinded the orders because they did not wish to impose any extra expense on the county, it hardly can be said that their action was so unequivocal in character as to indicate that a subsequent demand that suit be brought by the county attorney would be futile.

It follows that the special demurrer was properly sustained.

Judgment affirmed.

Whole court sitting, except Justice Richardson.