## Ward v. Buckingham et ux.

(Decided April 23, 1937.)

W. J. WARD for appellant.

C. F. PACE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Edgar Ward, alleging that he was a

citizen and taxpayer of Johnson county, Kentucky, instituted this suit in equity, in behalf of himself and on relation of all other taxpayers of the county, against the appellees, Claude Buckingham and wife, to recover upon a mortgage note, which they had executed in the principal sum of $1,500 payable to the fiscal court of Johnson county, Ky.

The appellant's petition set out that this money, in the amount stated, had been loaned by the fiscal court of Johnson county to Claude Buckingham and wife out of the county's sinking fund, created for the retirement of certain outstanding and unpaid road and bridge bonds, which it had earlier issued and sold; also, that this note, whereby its makers promised to pay its principal sum of $1,500 in twelve months with interest and which was secured in its payment by a mortgage executed simultaneously therewith upon certain named property of the appellees, was long past due and remained largely unpaid. Further, the petition alleged that the financial condition of the county was such as required the collection of this past-due and unpaid mortgage note owing the county for money borrowed from its sinking fund. Further, the plaintiff set out that upon this note of the appellees (here sued on) numerous installment payments had been made, amounting to a total of some $1,232, and extending from February 18, 1927, to October 4, 1935.

Further the petition alleged that while the note sued on was long past due and unpaid, the fiscal court of Johnson county did nevertheless refuse to have said indebtedness collected or to authorize its county attorney to collect said indebtedness.

To this petition the defendants filed a special demurrer, upon the ground that plaintiff was not authorized and was without legal capacity to sue.

Further, without waiving the demurrer, the defendants filed a motion to require plaintiff to file a certified copy of the pleaded order of the fiscal court evidencing its refusal to sue. In response to this motion the appellant, by counsel (who was also the county attorney of Johnson county and the father of the appellant), filed answer, wherein it was averred that his attorney, W. J. Ward, had, as county attorney, previous to the bringing of this suit, prepared and left a motion with the clerk of the fiscal court, who was then waiting upon it, to

grant him permission to file suit to collect this outstanding indebtedness owing it, which motion the fiscal court had refused to permit to go to record and that "the fiscal court did not enter any order refusing to have said suit brought upon said mortgages."

Upon submission of this cause on defendants' special demurrer, the court sustained the demurrer and ordered that plaintiff's petition be dismissed.

Plaintiff, complaining of this ruling as improper, prosecutes this appeal.

At the outset of our consideration of the appeal, we are met with the basic question presented by the appelles' special demurrer, challenging the authority and legal capacity of the appellant to here sue, where it is not shown that the fiscal court, upon a prior demand made upon it, refused to sue.

The attorney for appellant by his response to the motion expressly states that no order refusing to sue was made by the fiscal court of Johnson county and, inasmuch as no such order appears upon its records and the court can speak only through its orders of record, duly authenticated, we must conclude that no such order refusing to sue was made. McKechnie v. Canada, 198 Ky. 807, 250 S. W. 111; McDonald's Adm'x v. Franklin County, 125 Ky. 205, 100 S. W. 861, 30 Ky. Law Rep. 1245; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Conrad v. Pendleton County, 209 Ky. 526, 273 S. W. 57; Vanzant v. Watson, 230 Ky. 316, 19 S. W. (2d) 994; Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870.

We take it to be conceded that the right to sue to recover the sum sued for in this action rests primarily in the fiscal court of Johnson county, the control of whose fiscal affairs is both by the statute, and many decisions construing them, vested in the fiscal court.

In the case of Shipp v. Rodes, 219 Ky. 349, 293 S. W. 543, 544, the court, in considering the powers vested in the fiscal court constituting it the fiscal agent of the county under the provisions of sections 1834 and 1840, Kentucky Statutes, said:

"The first of the above-quoted sections provides that the corporate powers of the several counties of the state shall be exercised by the fiscal court. The

second section quoted defines generally the powers and jurisdiction of the fiscal court. Among these powers is that 'to regulate and control the fiscal affairs and property of the county.'

"In the case of Com. v. Tilton, 48 S. W. 148, 20 Ky. Law Rep. 1056, the court after quoting section 1834, Ky Stats., and referring to section 1840, said:

" 'We are of opinion that by these two sections of the statute all right of action for and on behalf of the county is in the fiscal court; and that until that court refuses to institute suit no one else may do so.'

"It would be a peculiar situation if all right of action for and on behalf of the county is in the fiscal court and yet the fiscal court has not the power to enter into a settlement in good faith of a matter involving the fiscal affairs of the county."

Also, in the case of Williams v. Stallard et al., 185 Ky. 10, 213 S. W. 197, 199, this court said:

"This court has uniformly held in a long list of cases that sections 1834, 1839, 1840, and perhaps others, of the Kentucky Statutes, made and constituted the fiscal court the agency of the county to look after the arranging for and the collecting of the finances of the county, as well as their disbursement for county purposes within the limitations prescribed by law, and those sections * * * have been construed to lodge with such officers and agencies the primary right to institute and conduct all suits and proceedings looking to the preservation of the fiscal affairs of the county."

Therefore, from this it follows, as was declared in the case of Wagner v. Wallingford, 257 Ky. 477, 78 S. W. (2d) 326, that "until it is made to appear that the public officers charged with a duty to act have refused to do so, there is no occasion for intervention of a citizen and taxpayer for the protection of himself and others similarly situated."

Also, while further recognizing that there is a well-established exception to this rule, requiring that the court should have first refused to sue after a demand made upon it to do so before the citizen and taxpayer is en-

titled to bring an independent suit, and which exception allows the bringing of such suit without requiring such previous demand upon the court and its refusal, where the circumstances were such as made it apparent that a demand, if so made upon the public officials to sue, would have been futile (Taylor, County Jailer, v. Todd, 241 Ky. 605, 44 S. W. (2d) 606; Pike County et al. v. Young et al., 266 Ky. 588, 99 S. W. (2d) 749), the appellant's asserted right to here sue, because of such alleged refusal, goes beyond the principle of these cases, in that it must be apparent that in many instances, even where the fiscal court might refuse, upon the taxpayer's demand, to sue, it would not from such fact alone follow that the citizen became thereby, independently of the reasons upon which the court rested its refusal, vested with the capacity to sue as a private citizen. Rather, it would appear that the right of the taxpayer to sue, where the court has refused to do so, should be limited to those cases or instances where it is made to appear that the public officers were, in the premises, charged with the duty to act, by reason of which their refusal to sue amounted to a violation or disregard of the official duty resting upon them to look after and conserve the interests of the county as its chosen fiscal agents, alone vested with such authority and responsibility therefor. Short of such a situation being made to appear, an outsider, even though a citizen and taxpayer, should not be suffered to intervene by independent suit, nullifying or embarrassing the court's judicial exercise of its discretion and judgment as to what course of action there best serves the county's fiscal interests.

Such principle and limitation upon the right of a citizen to sue as a taxpayer was recognized and discussed in the case of Bath County v. Denton, 162 Ky. 47, 171 S. W. 1000, 1001, where the county jailer, authorized under section 3948, Kentucky Statutes, to sue to recover possession of certain property of the county and damages for trespass thereon, brought suit to eject a lessee from the property of the county which had been leased him by the fiscal court.

The court held that the jailer was without authority there to maintain the suit, saying that while such was his general authority given under the provision of section 3948, Kentucky Statutes, "this does not mean that he has power to override the authority of the fiscal court,

or that, when the fiscal court undertakes to control in such manner as its judgment and discretion may dictate the property of the county, the jailer may nullify its action by independent proceedings initiated on his volition. The power of the fiscal court in the exercise of authority within its jurisdiction is superior to the authority of the jailer, and the jailer cannot nullify its authority in the manner attempted in this action.''

So applying the reason and legal principle of this rule, as announced, to the facts of the instant case, it is here clear that the fiscal court is, by the statutes referred to, constituted the agent of the county to look after the arranging for and the collecting of the finances of the county, including the right to institute and conduct all suits and proceedings looking to the preservation of the fiscal affairs of the county.

The mere fact that the appellant here conceived that the fiscal court, in failing to authorize this mortgage indebtedness to be collected by suit, was by such refusal alone shown derelict in its duty, or that he conceived it was not the proper attitude for the court to take respecting the handling of this indebtedness owing it, or that, in his judgment, it was not an intelligent or wise exercise of its official duties, did not bestow upon him the right to override the fiscal court's judgment, upon its alleged refusal to sue, and institute this suit himself as a taxpayer. For reasons deemed good and sufficient to the fiscal court, it may have wished to continue this investment of the county's fund, and have considered it better to leave the money outstanding at interest, than to collect it and have it remain idle and noninterest bearing in its sinking fund.

In view of such limitations upon the right of a taxpayer to substitute his judgment for that vested in the court as to the necessity for suit, we are of the opinion that the appellant did not show himself vested with the capacity to sue upon this debt owing the fiscal court and therefore it follows that the lower court properly sustained the special demurrer to his petition.

Judgment affirmed.