## Stinson v. Meadors, County Judge, et al.

(Decided Nov. 15, 1938.)

W. R. HENRY for appellant.

C. B. UPTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This suit was filed by the appellant, David C. Stinson, individually, and for the use and benefit of the taxpayers of Whitley County, against the appellees who are, respectively, the County Judge, the County Treasurer. the County Court Clerk, and members of the Fiscal Court. It is alleged that the Fiscal Court, in violation of sec. 1732a-2 of the Kentucky Statutes, improperly fixed the salary of the County Judge for presiding at the trial of criminal misdemeanor cases at $800 per annum, because the salary fixed for presiding at the terms of the Whitley County Court was fixed at only $400 per annum, and sec. 1732a-2 limits the salary to be paid in misdemeanor cases to one-half of the regular salary "now paid" the County Judges. The Chancellor sustained a demurrer to the petition as amended. The plaintiff declined to plead further and his petition was dismissed. This appeal followed.

We are met at the outset by the fact that it is nowhere alleged that the appellant requested the County Attorney or the Fiscal Court to take any action before bringing his suit. In Commonwealth, etc., v. Mauney, 258 Ky. 429, 80 S. W. (2d) 568, we said [page 569]:

"Before the courts will entertain an action on the part of a citizen and taxpayer to recover in such case, it is indispensably essential that the citizen and taxpayer seasonably request those whose pri-

mary duty it is to sue to do so, and they decline. If, upon demand of the proper officials of the city, they refuse, either arbitrarily or reasonably, to institute an action therefor, then the citizen and taxpayer may maintain the suit; but, in the absence of an allegation showing such demand and refusal in the petition of the citizen and taxpayer seeking a recovery, it is demurrable. Schoening v. Paducah Water Co., 230 Ky. 453, 19 S. W. (2d) 1073; Wagner v. Wallingford, 257 Ky. 477, 78 S. W. (2d) 326; Williams v. Stallard, 185 Ky. 10, 213 S. W. 197. 'But there is an exception to the rule under which it is equally as well settled that such a suit may be maintained, without such a demand, where it is apparent that it would be futile to make demand. See Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Howard v. Deposit Bank of Owensboro et al., 80 Ky. 496.' Taylor, County Jailor, v. Todd et al., 241 Ky. 605, 44 S. W. (2d) 606, 607.''

This rule applies to a county as well as to a city. Taylor, County Jailor, v. Todd, supra; Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L R. 626; Pike County v. Young, 266 Ky. 588, 99 S. W. (2d) 749; Ward v. Buckingham, 268 Ky. 297, 104 S. W. (2d) ·994.

There is nothing in the petition before us which would lead us to conclude that the case falls within the exception to the rule noted in the quotation above. On the contrary, it seems highly probable that the appellees ·could and would take whatever steps may be necessary to correct the situation, once it was brought to their attention in the proper way. They should not be harassed by needless suits. It follows that the Chancellor did not err in sustaining the demurrer to the petition.

Judgment affirmed.