## Ward v. Roberts et al.

Jan. 23, 1940.

W. J. Ward for appellant.

C. F. Pace for appellees.

Howes & Walker for Second Nat. Bank.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Shade Ward, a resident and taxpayer of Johnson county, suing for himself and all other taxpayers of Johnson county, brought this action against Effie Roberts and B. F. Roberts, her husband, to recover for the county the sum of $646.31, interest alleged to be due on a loan of $1,000 out of the county road and bridge bond sinking fund made to the defendants by the Johnson fiscal court on March 11, 1924, and to enforce a mortgage on a house and lot in Paintsville executed by defendants to secure the loan. In the petition which was filed January 23, 1935, and various amendments thereto, it was alleged, in substance, that the defendants had paid no interest on the note executed by them on March 11, 1924, and that on December 19, 1934, the fiscal court of Johnson county, over the protest of the county attorney, adopted a resolution waiving the interest and accepting $1,000, the principal of the note, in full settlement of the debt. He further alleged that the fiscal court was guilty of fraud and collusion, and that its act amounted to an appropriation to the defendants of $646.31 belonging to the sinking fund, and that its act was illegal. The Second National Bank of Paintsville which, at the time this settlement was made, held a second mortgage on the property to secure a loan of $1,225 made by it to the Roberts', was made a party defendant. A special demurrer attacking the right of the plaintiff to institute and prosecute the suit was overruled. The issues were completed and proof was heard, and, upon submission of the case, the chancellor entered a judgment dismissing the petition. The plaintiff has appealed.

Effie Roberts died after the judgment was rendered, and the case has been revived in the name of her heirs at law. No brief has been filed by the individual appellees, but the Second National Bank has filed a motion to dismiss the appeal as to it, which has been passed to the merits, and has filed a brief urging the affirmance of the judgment on two grounds: (1) The plaintiff was without authority to institute the action, since he had not

requested the fiscal court to act; and (2) the fiscal court had the right to adopt the resolution of December 19, 1934. The motion of the appellee Second National Bank to dismiss the appeal as to it is made on the theory that the court, in its judgment, passed upon no question affecting the rights of the bank, but expressly reserved all such questions, and therefore it is neither a necessary nor proper party to this appeal. The judgment did reserve the rights of the bank under the two mortgages, but, as we construe this part of the judgment, the court was referring to questions involving the rights of the bank as between it and its co-defendants. The judgment was a final determination of the issues between the plaintiff and the bank, and any disposition of the appeal will affect the bank's rights. It is therefore a necessary and proper party, and the motion to dismiss the appeal as to it is overruled.

An understanding of the issues involved requires a brief statement of the facts disclosed by the record. Prior to 1924, the voters of Johnson county had voted a bond issue for the construction and reconstruction of roads and bridges in the county. A considerable sum had accumulated in the sinking fund, and, pursuant to the authority conferred on it by Section 4308 of the Kentucky Statutes, the fiscal court loaned to various individuals $31,000 of the sinking fund, and, in each instance, took a first mortgage on real estate as security. Section 4308 of the Statutes, after providing for the levy of a tax and the appropriation of the taxes collected first to the payment of the interest on the bonds reads:

"The balance to be placed to the credit of a sinking fund for the redemption of said bonds; Provided, That any accumulation in the sinking fund may be loaned by the said fiscal court on first mortgage real estate security, on the basis of fifty per cent (50%) of its value, at interest at the legal rate, which shall accrue to the sinking fund, but before such loan shall be made all titles shall be looked up and papers approved by the county attorney."

On March 11, 1924, Effie Roberts and B. F. Roberts borrowed $1,000 of the sinking fund and executed to the fiscal court their note for that amount, due one year after date and bearing interest at the rate of 6 per cent. per annum until paid. To secure the payment of the note, they executed and delivered to the fiscal court a mortgage on a house and lot located in Paintsville,

Kentucky, owned by Effie Roberts. Thereafter Effie Roberts borrowed $1,225 from the Second National Bank of Paintsville, and she and her husband executed and delivered to the bank a second mortgage on the house and lot to secure the payment of the note. Mrs. Roberts paid to the treasurer of Johnson county $60 in April, 1926, and $25 on October 22, 1928, to be applied on the interest due on the $1,000 note executed by her on March 11, 1924. No further interest was paid, and nearly eleven years after the note was executed, on December 19, 1934, the fiscal court adopted a resolution accepting $1,000 in full settlement of the debt. The resolution, as it appears in the records of the fiscal court, reads as follows:

"At the special term of the Johnson County Fiscal Court held in the courtroom in Paintsville, Johnson County, Kentucky, on December 19, 1934, there were present the following members: H. B. Conley, County Judge, Claude Buckingham, J. W. Caudill, S. L. Blanton, W. P. Collins, Milt Grim and Jeff Davis.

"On motion of Milt Grim, seconded by W. P. Collins, it is hereby resolved that the note executed by B. F. Roberts and Effie Roberts, made to Johnson County in the principal sum of One Thousand ($1000.00) Dollars, dated the 11th day of March, 1924, due and payable one year after date, and secured by a first mortgage on certain real estate located on Second Street in Paintsville, Kentucky, be sold, assigned, and transferred to the Second National Bank, of Paintsville, Kentucky, for a total cash consideration of One Thousand ($1000.00) Dollars, and that said B. F. Roberts and Effie Roberts be and they are hereby released and forever discharged from any and all interest accrued or to accrue on said note; and the County Judge and Treasurer of the County be authorized and directed to execute to said Second National Bank a proper assignment and transfer of said note and mortgage subrogating said Bank to all the original rights of said Johnson County therein and thereto and it appearing that said consideration of One Thousand ($1000.00) Dollars has been paid to the County Treasurer by said Bank it is further ordered and resolved that said mortgage and note when so assigned and transferred be delivered to the Second

National Bank and an endorsement by said transfer and assignment shall be made by said County Judge and Treasurer on the margin of the book where said mortgage is recorded in the office of the Clerk of the Johnson County Court.

"Said Resolution being placed on its passage, received the unanimous vote of all the members of this court and was declared duly adopted.

"To all of which W. J. Ward, As County Attorney objects and excepts and prays an appeal to the Circuit Court—which is granted."

On the same day the fiscal court adopted a resolution permitting all persons who had borrowed a part of the sinking fund to repay the principal sums in full settlement of the debts, and directing the county judge to release, in each instance, the mortgage lien upon payment by the borrower of the principal of the loan. Most of the loans had been outstanding since early in 1924, and only a few of the borrowers had paid any interest on their notes. In other words, the action of the fiscal court amounted to a gift of nearly $20,000 of the county's money. At the time these resolutions were adopted, at least four of the six magistrates voting for them were directly or indirectly interested therein. J. W. Caudill had borrowed $200 of the sinking fund in 1924, and had paid no interest. Claude Buckingham's wife, S. L. Blanton's son, and a brother-in-law and nephew of Jeff Davis, were among the borrowers who had executed notes to the county secured by mortgages. When the resolutions were under discussion, the county attorney was present and informed the members of the fiscal court that the adoption of the resolutions would be illegal, but the court adopted them unanimously over the protest of the county attorney.

The proof shows that the defendant Effie Roberts was employed at a salary of $150 a month, and that her husband, B. F. Roberts, was in the employ of the Chesapeake & Ohio Railway Company as freight agent at Paintsville, Kentucky, at a salary of $150 a month, and that the house and lot in Paintsville upon which they had executed a mortgage to Johnson county was worth at least $2,500. We have rarely encountered a more flagrant violation of duty by a body of public officials. Without legal justification, the members of the fiscal court appropriated to the use of themselves, their rela-

tives and friends the county's money. The interest on the Roberts note was as much a part of the road and bridge bond sinking fund as the principal of the note. There is not an iota of proof to sustain the action of the fiscal court as a compromise of the disputed claim or a claim that could not have been collected in full. The principals on the note were financially able to pay the interest as well as the principal sum, and the value of the property mortgaged by them was amply sufficient to secure both the principal and interest.

It is argued that a suit to recover money by the county must be brought by the fiscal court of the county, and that a taxpayer has not the right to institute a suit until he has first demanded of the fiscal court that it sue and that court has declined to perform its duty. This is the general rule. William v. Stallard, 185 Ky. 10, 213 S. W. 197; Ward v. Buckingham, 268 Ky. 297, 104 S. W. (2d) 994; Stinson v. Meadors, 275 Ky. 359, 121 S. W. (2d) 929. But, there is an exception to this rule under which it is equally well-settled that a taxpayer may institute a suit to recover money due the county without such a demand, where it is apparent that it would be futile to make demand, and this case clearly falls within the exception. Ward v. Buckingham, supra; Pike County v. Young, 266 Ky. 588, 99 S. W. (2d) 749; Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626; Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606, 608. In the present case, the fiscal court had acted and had given property of the county to an individual without any consideration moving to the county, and this over the protest of the county attorney and in the face of his advice that its action was illegal. Under the pleadings and proof, the appellant, a taxpayer of the county, has the right to prosecute this action. A request that the fiscal court repudiate its action and institute a suit for recovery of the money would have been an idle gesture. As was said in Taylor v. Todd, supra:

"It would have been a futile thing for these taxpayers to ask this fiscal court to sue to right a wrong it had deliberately done, and it would be a denial of justice to say these taxpayers cannot maintain this suit because they did not make demand of the fiscal court that it sue, when it is apparent such a demand would have been fruitless. * * *

"Let us note also there is a difference between

suing for a claim on property concerning which the fiscal court had taken no action and suit to recover for the county upon some claim concerning which the fiscal court has acted. For example, many counties have automotive road graders, which are quite expensive. If a taxpayer should see such a county machine in the possession of A. B., he would not be authorized to sue to recover it for the county, without first asking that the fiscal court do so; but if he should find on the records of the fiscal court an order giving this machine to A. B. or transferring it to A. B. for anything other than a valuable consideration moving to the county, that would be a different matter."

What has heretofore been said answers the contention of the appellee Second National Bank that the fiscal court had the right to adopt the resolution of December 19, 1934, assigning the principal of the Roberts note to the bank and waiving the interest due thereon.

The judgment is reversed, with directions to enter a judgment in favor of Johnson county for the interest due on the $1,000 note, subject to credits of $60 as of April, 1926, and $25 as of October 22, 1928, and a lien on the property covered by the mortgage of March 11, 1934, of equal rank with $1,000 of the bank's mortgage lien and superior to the remainder of the bank's lien.