[No. 11612. In Bank. — June 13, 1887.]

## ALBERT HEDGES, APPELLANT, v. B. F. DAM ET AL., RESPONDENTS.

PLEADING — DEMURRER — AMENDMENT AS OF COURSE. — Under section 472 of the Code of Civil Procedure, a defendant, after filing a demurrer to the complaint, and before the trial of the issues of law thereon, has a right as of course to file an amended demurrer.

ID. — ACTION AGAINST SUPERVISORS — ALLOWANCE AND PAYMENT OF ILLEGAL CLAIMS — NATURE OF CLAIMS MUST BE STATED. — In an action against the members of a board of supervisors of a county to recover the amount of certain illegal claims alleged to have been unlawfully allowed and ordered paid by them in their official capacity out of the county treasury, the complaint must aver the nature of the claims, in order that it may be determined whether the acts complained of are illegal. A mere allegation that the members of the board "misappropriated, wrongfully, unlawfully, and illegally allowed and paid out, large sums of money," and that the demands "were wrongfully, unlawfully, and without authority of law allowed and ordered paid," states only a legal conclusion, and is insufficient.

ID. — ACTION HOW SHOULD BE BROUGHT — RIGHT OF TAX-PAYER TO MAINTAIN — DISTRICT ATTORNEY. — Such an action should be brought in the name of the county as the real party in interest, and the district attorney is the proper person to prosecute it. But conceding that a tax-payer has the right, in the absence of an express statutory authorization, to prosecute the action, the complaint must then allege facts showing a refusal or neglect on the part of the district attorney to institute it.

APPEAL from a judgment of the Superior Court of Yuba County.

The action was brought by a tax-payer to recover the amount of certain illegal claims alleged to have been unlawfully allowed and ordered paid by three of the de-

fendants, as members of the board of supervisors of Yuba County, out of the county treasury. The further facts are stated in the opinion of the court.

*Cross & Simonds*, for Appellant.

*E. A. Davis*, and *A. L. Hart*, for Respondents.

PATERSON, J. — 1. This action was commenced on the 31st of July, 1885. A demurrer was filed on August 11, 1885. Thereafter, and before the issue of law thus raised was heard, the court, on motion of counsel for defendants, allowed defendants to file an amended demurrer. The attorneys for plaintiff were served with a copy of the amended demurrer before the motion was made, and were present in court at the hearing. Section 472, Code of Civil Procedure, provides that " any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer filed, or *after demurrer and before* the trial of the issue of law thereon, by filing the same as amended, and serving a copy on the adverse party." The amended demurrer, having been served and filed before trial of the issues of law raised by the original demurrer, took the place of the original, and the court committed no error in allowing it to be filed. Appellant contends that the "pleading " referred to *after demurrer* is the complaint; but the section says *any* pleading, and of course a demurrer to the complaint is a pleading, and for the purpose of raising an " issue of law," is as important as the complaint.

2. The complaint does not state facts sufficient to constitute a cause of action. It alleges that " said board of supervisors misappropriated, wrongfully, unlawfully, and illegally allowed and paid out, large sums of money, and ordered the same to be paid out of the county treasury of said Yuba County, which sums of money were paid out upon demands presented against said Yuba County to said board of supervisors, which demands were not

legal demands against said county of Yuba, nor had said board of supervisors any authority or right to allow or audit or order them paid. But said board of supervisors, as such, did examine, allow, audit, and order paid all of the said illegal demands, well knowing them to be illegal demands, and all of said demands were paid out of the county treasury of said Yuba County because the said board of supervisors did examine, allow, audit, and order the same paid." Then follows a list of forty-nine names, with simply dates and the amounts set opposite thereto, amounting in the aggregate to $13,007.08, and the complaint concludes with the following allegation: "That each and all of the said demands were wrongfully, unlawfully, and without authority of law allowed and ordered paid by said board of supervisors, and by reason of being so allowed and ordered paid, were afterwards in fact paid out of the county treasury of said county, whereby the said county treasury has been depleted to the extent of the said amount of $13,007.08." The defendants Flathman, Dam, and Babb were the three members of the board who voted for the allowance and payment of said claims, and the other defendants are sureties on their official bonds. There is nothing to show the nature of the claims allowed, and the complaint is clearly insufficient. Allegations that the members of the board "misappropriated, wrongfully, unlawfully, and illegally allowed and paid out, large sums of money," and "that the said demands were wrongfully, unlawfully, and without authority of law allowed and ordered paid," are mere conclusions of law. It has been held repeatedly that the facts must be stated showing wherein the facts complained of are unlawful, wrongful, or illegal. (*Payne* v. *Treadwell*, 16 Cal. 220; *Branham* v. *Mayor etc. of San Jose*, 24 Cal. 585; *People* v. *San Francisco*, 27 Cal. 655; *Triplett* v. *Munter*, 50 Cal. 644; *Smith* v. *Ling*, 68 Cal. 324.) If plaintiff bases his right to maintain the action under the provisions of section 4086, Political Code, it is sufficient to say

that the complaint does not charge even in the general language of that law.

3. No reasons are set forth in the complaint why this action is prosecuted by and in the name of plaintiff, a tax-payer, instead of by the district attorney, in the name of and in behalf of the county. It is not alleged even that any demand was made by plaintiff either for the money, or for the institution of an action for its recovery. The county is the real party in interest, and the district attorney is the proper person to prosecute actions in the name of the county. (Pol. Code, sec. 4256, subd. 3; County Government Act, sec. 136.) If it be admitted that a tax-payer has the right, even in the absence of an express statutory authority, to prosecute actions of this kind, yet we think facts should be alleged showing a refusal or neglect on the part of the proper officer to institute an action.

Judgment affirmed.

Searls, C. J., McKinstry, J., Thornton, J., and Sharpstein, J., concurred.

McFarland, J., and Temple, J., concurring. — We concur in the judgment on the last ground stated, and also agree to the views expressed in relation to the amended demurrer.