[Civ. No. 5278.   Third Appellate District.—March 22, 1935.]

JOHN GRAY, Appellant, v. HENRY W. WHITE et al., Respondents.

John Gray, *in pro. per.*, for Appellant.

Charles A. Walker, District Attorney, J. Oscar Goldstein and Bond & Price for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him for failure to amend his complaint after demurrers thereto had been sustained. The action is a taxpayer's suit against five supervisors and the auditor and treasurer of Butte County to recover county money alleged to have been illegally expended by those officers. The County of Butte is also made a party defendant in the action. Separate demurrers were filed on behalf of the County of Butte, the treasurer, and the supervisors and auditor, on the grounds of misjoinder of parties, failure to state facts sufficient to constitute a cause of action, failure to separately state the causes of action with respect

to the various officers and uncertainty and ambiguity of the allegations. The demurrers were sustained on the ground of uncertainty. The plaintiff refused to amend his pleading, and judgment was rendered accordingly. From that judgment an appeal was perfected.

We are of the opinion the demurrers were properly sustained. The suit was instituted by the plaintiff, who represents himself in proper person, as a taxpayer of Butte County, in behalf of the taxpayers of that county, on the theory that the district attorney failed and refused to prosecute the action. The complaint alleges in that regard that "prior to filing this action plaintiff pointed out to . . . such District Attorney that the several items of expenditure hereinafter mentioned were illegal . . . and demanded that he bring an action against the above named official defendants . . . which (he) wholly failed and refused to do". The complaint further alleges that all five of the supervisors acted as such officers during the last year in which it is charged that "on various dates during said year, the exact times . . . (and) the exact record thereof . . . not readily accessible to and not known to plaintiff", they appropriated and unlawfully expended the "items and amounts of money" specified. The alleged misappropriations are set out in 508 separate paragraphs aggregating the sum of $320,194.13. None of these items specify the dates of the alleged illegal payments or the parties to whom they were paid or the manner in which any supervisor voted upon such claims. Many of the items fail to state the purpose of the expense. Most of them fail to allege facts from which it can be determined whether they were legal or illegal payments. Frequently the mere conclusion of the plaintiff is stated to the effect that the particular expenditure "was not authorized by law". In effect, the complaint is a sort of a demand for an accounting on the part of the board of supervisors. It is apparent from the allegations of the complaint that only three of the supervisors who are made defendants in this action were county officers of Butte County during the entire period of time covered by the pleading other than "the third year mentioned". The specific years during which particular misappropriations of funds are alleged are not designated. The complaint merely refers to the years in the following language: "During each

of the years mentioned said county was the owner of . . . certain monies,'' etc. It is apparent that an action is not stated against all of the supervisors for alleged misappropriations during any period of time except ''last year''. A separate cause of action should have been alleged against the two supervisors who were not officers of the county prior to the last year mentioned. In other words, three of the supervisors are charged with misappropriations during a period of time when it is alleged that the defendants Sam Marks and R. E. Fields were not county officers, and therefore not liable for such illegal expenditures. It is impossible to determine from the complaint just which items are charged as misappropriations of any particular supervisor or group of supervisors, or how it is assumed that they misappropriated county money. Clearly it would require separately stated causes of action against separate groups of officers all of whom were not charged with having been involved in all of the same alleged irregular transactions. Moreover, the supervisors are not charged with allowing or directing the payment of illegal claims. While it is alleged that they were the duly elected members of the board of supervisors, they are not charged with misappropriating funds as a board of supervisors. All that the complaint states in that regard is ''The said defendants, acting together and in concert, took from said county funds . . . amounts of money, and took the same away . . . and thereupon wrongfully converted the same . . . to their own use.''

Clearly it was not the intention of the pleader to charge the officers who have been made defendants in this action with embezzlement. No acts constituting embezzlement have been alleged. If it was the purpose to charge the supervisors with misappropriations by voting as officers to illegally allow and pay particular items, it is not so alleged. The recitations of the complaint with respect to the alleged misappropriations on ʻthe part of the supervisors are uncertain and ambiguous. The demurrers were therefore properly sustained. (*Hedges* v. *Dam et al.*, 72 Cal. 520 [14 Pac. 133].)

█ Since the records of the board of supervisors were public and accessible to the plaintiff he is charged with knowledge thereof and it was therefore necessary for the plaintiff to specify the dates, the purposes of the various

challenged allowances of claims and the recorded manner in which each supervisor voted, whether for or against the claims. It was insufficient to merely allege that the records thereof were "in the possession of, and under the control of defendants, and *not readily accessible* to . . . plaintiff". It is a well-established rule that public records from which necessary facts may be ascertained may not be denied, but upon the contrary they should be alleged in the pleading when such facts become necessary elements of a good cause of action.

Likewise the demurrers which were filed on behalf of the auditor and the treasurer were properly sustained for the same reason. We are of the opinion that no cause of action is stated against either of the last-mentioned officers. It is not alleged that either of them had any knowledge that any of the challenged items constituted illegal claims. It is not asserted that any of these claims were presented to, audited or paid in an improper form constituting unlawful demands or in an illegal manner. These defendants are left to speculate as to just what particular unlawful acts they are charged with performing which render them liable for conversion or misappropriation of county money. They are entitled to that information before they may be required to answer in the cause.

In a proper case, when a district attorney with adequate knowledge of the illegal expenditure of county funds by supervisors or other county officers, refuses to institute an action to recover the money, such an action may be commenced, *in the name of the county,* by a citizen taxpayer therein, for the benefit of the county. (Sec. 526a, Code Civ. Proc.; *Hansen* v. *Carr,* 73 Cal. App. 511 [238 Pac. 1048]; 6 McQuillin's Mun. Corp., p. 680, sec. 2747; 44 C. J., p. 1375, sec. 4550.) This suit was not brought in the name of the county. The County of Butte was improperly joined as a party defendant. For the reason that a municipality may be subject to a multiplicity of suits and unnecessary expense at the caprice of individuals, it has been held that where a statute makes it the imperative duty of a specified officer to maintain such actions in behalf of the county, a taxpayer may not do so in behalf of the county except upon specific allegations and proof that the officer, with adequate knowledge of the misappropriations, refuses

or neglects to institute the action. Even under such circumstances, the action should be brought in the name of the county, which is the real party in interest. (Sec. 367, Code Civ. Proc.) Section 4005b of the Political Code vests the authority to maintain such an action with the district attorney and provides that it shall be brought in the name of the county. That section provides:

"Whenever any board of supervisors shall, without authority of law, order any money paid as salary, fees, or for any other purposes, and such money shall have been actually paid; or whenever any county officer has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized by the board of supervisors, or by the law, and the same shall have been paid, the district attorney of such county is hereby empowered, and it is hereby made his imperative duty, to institute suit, in the name of the county, against such person or persons, to recover the money so paid, and twenty per cent damages for the use thereof; and no order of the board of supervisors therefor shall be necessary to maintain such suit. When the money has not been paid on such order or warrants, it is hereby made the imperative duty of the district attorney of such county, upon receiving notice thereof, to commence suit, in the name of the county, to restrain the payment of the same; and no order of the board of supervisors shall be necessary in order to maintain such suit."

In attempting to charge the district attorney with wilfully refusing to prosecute the action, it is merely stated in the complaint in this action that "plaintiff pointed out . . . that the several items of expenditure hereinafter mentioned were illegal and not authorized by law, and demanded of said district attorney that he bring an action". This is a mere statement of conclusions to the effect that the expenditures were illegally paid. The allegations are uncertain and insufficient.

The special demurrers were properly sustained and the judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.