# Land et al. v. Lewis et al.

Oct. 16, 1942.

S. Jewell Rice, Jay W. Harlan and Henry Jackson for appellant.

Keenon & Odear and Hunt, Bush & Lisle for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Appellants E. P. Land, W. E. Gary and J. W. Adams, citizens, residents and taxpayers of Fayette County, acting for themselves and on behalf of all taxpayers similarly situated, filed this action under the Declaratory Judgment Act (Section 639a-1 et seq., Civil Code of Prac-

tice) against appellees, S. Higgins Lewis, Clerk of the Fayette County Court, and the surety on his bond, National Surety Corporation. The chancellor is asked to declare the number of deputy clerks reasonably necessary to perform the duties of the office and to say what are reasonable salaries to be paid such deputies; to declare whether or not Lewis as such clerk could employ and pay salaries to persons who were employed in other offices by Fayette County; and to declare whether or not it was reasonably necessary for him to make certain expenditures for extra employees in addition to his regular force of deputies. Appellants also seek to recover for the use and benefit of Fayette County certain sums which they alleged were unreasonable and exorbitant expenditures from the income of the office over a period of five years previous to the filing of this suit. In their brief appellants state their action is bottomed upon Farris v. Nichols, 286 Ky. 196, 150 S. W. (2d) 484.

Appellees filed a voluminous answer in eight paragraphs wherein the operations of the office were taken up for each year, and it was denied that unnecessary deputies were employed or that unreasonable salaries were paid them, or unnecessary expenditures were made for additional services. It was affirmatively pleaded that each year Lewis filed with the fiscal court a report showing the receipts and the itemized disbursements of his office, which contained a list of his deputies and employees, together with the salary paid each, which report was approved and ordered recorded by the fiscal court. This confirmation by the court of the manner in which Lewis used and accounted for the receipts of his office was pleaded in bar of the action.

By an amended petition appellants alleged that on July 9, 1941, before their suit was filed on July 26, following, they made a written demand on the fiscal court to take action to recover from the clerk all income which he had wrongfully, improperly or illegally disbursed, which reads:

"To the County Judge and Commissioners of Fayette County, Kentucky: Notice.

"Demand is hereby made on you as Fiscal Agents of Fayette County, Kentucky, that you take immediate steps to recover such income of the County Clerk's Office as has been wrongfully, improperly or illegally used, disbursed or withheld by S. Hig-

gins Lewis, Clerk of the Fayette County Court, and this is to notify you that unless such steps are immediately taken by you, that we, the undersigned citizens and taxpayers of Fayette County, Kentucky, will in our own names as citizens and taxpayers, institute such proceedings as may be necessary for the recovery of said funds so wrongfully withheld from the treasury of Fayette County.''

(Signed) ''E. P. Land''<br>''W. E. Gary''

''S. Jewell Rice, Attorney.''

This amendment further alleged that the demand was duly served on the members of the fiscal court in their official capacity and they refused to act. In a second paragraph of this pleading it is alleged, ''It would have been futile, useless and of no avail to have made such demand because the * * * fiscal court * * * had gone on record for the past five years as approving and sanctioning the payment of the salaries by the defendant * * * and had approved his expenditures as the income of his office as herein alleged.''

Appellees' general demurrer was sustained to both paragraphs of this amendment; appellants refused to plead further, their petition was dismissed and this appeal followed. The two questions presented are: 1. Was the demand made upon the fiscal court sufficient to authorize a taxpayer's suit upon the court's refusal to act? 2. Since the court had approved and ratified the clerk's official expenditures, would it have been futile for appellants to have demanded that the court take action against the clerk, and were they thereby absolved from so doing?

Counsel for both parties admit the general rule to be that a taxpayer may not institute an action without first making demand upon the fiscal court that it sue and that body has failed in its duty, Willams v. Stallard, 185 Ky. 10, 213 S. W. 197; Stinson v. Meadors, 275 Ky. 359, 121 S. W. (2d) 929; Ward v. Roberts, 281 Ky. 418, 136 S. W. (2d) 549, unless the exception applies that no demand is necessary where it is apparent that it would be futile to make one. Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606.

This notice is far from being all that could be desired. It fails to state the amount of money due by the clerk, or to whom he wrongfully paid it, or whether he

improperly withheld for his own benefit money rightfully going to the county, or expended the county's funds for illegal purposes. We are not saying that such statement should be itemized, but that it should be full enough to apprise the fiscal court upon what the taxpayer is basing his demand so that body may determine whether or not there is reasonable cause for the demand, as well as reasonable grounds for a suit upon its part against the alleged delinquent official. Ordinarily, we would hold this demand insufficient on account of indefiniteness. But in view of the closeness of the official relations existing between the fiscal court and the county court clerk, we feel constrained to say the demand was sufficient.

It requested the fiscal court to take steps to recover from the clerk such income of his office as has been "wrongfully, improperly or illegally used, disbursed or withheld." The county court clerk has but few expenditures to make. First and foremost are the salaries of his deputies, which is by far the largest item. This, with any extra help he might have employed, together with the incidental expenses connected with the running of the office, embrace about all the expenditures. When the fiscal court received this demand it knew in all reason that the taxpayers were complaining of the number of deputies Lewis was employing and the salaries paid them, also the amount he was expending for services in addition to that of his deputies, as if the demand had specifically set them out. Section 67.120 KRS (Section 1835 KS) makes the county court clerk the clerk of the fiscal court, and it "shall annually make him a reasonable allowance, to be paid out of the county levy." Among other things Section 67.080 KRS (Section 1840 KS) vests in the fiscal court the authority to appropriate county funds and to cause correct audits and records to be kept of receipts and disbursements of the public funds of the county. Under this section it must be presumed that the fiscal court knew the number of deputies employed by Lewis, the salaries they received, and all other expenditures of his office, in which event it was not necessary for the demand to contain more specific information than it did.

It cannot be inferred that the fiscal court did not fully understand the nature of the demand made by the taxpayers, nor is it contemplated that the court was in any manner prejudiced on account of the form of the

demand. As expressed by the Oklahoma Supreme Court in Dowler v. State, 179 Okl. 532, P. (2d) 1081, 1088:

> "A notice in such a case must never be so indefinite as to mislead and snare or trap an officer; to that end it must fairly advise the officer of the action demanded of him in order that he may institute the action demanded by the taxpayer if he chooses. Upon the other hand, the officer upon whom a notice has been served, and who neglects or fails to act upon the matter, may not escape liability merely because he can indicate in the notice some incompleteness of detail, or some inaccuracy which is purely technical. Fairness and justice require that such a notice be sufficient in form and substance to serve the office and purpose of such a notice, but no more is required, and when that requirement is met, fairness and justice require that the notice be held legally sufficient."

Appellees put some reliance in Gray v. White, 5 Cal. App. (2d) 463, 43 P. (2d) 318, 321, but we are unable to see that it has any application. The California statute provides that no taxpayer can maintain a suit except upon specific allegations and proof that the officer with adequate knowledge of the misappropriations refused to institute the action. There, the petition alleged the "expenditures hereinafter mentioned were illegal and not authorized by law," which the court held was but a conclusion. Mississippi Road Supply Co. v. Hester, 185 Miss. 839, 188 So. 281, 124 A. L. R. 574, is another case controlled by a statute providing that the facts must be shown by the taxpayer to warrant the institution of the suit by the officer.

Since we have reached the conclusion that the demand was sufficient due to the official relations existing between the fiscal court and the county court clerk, it becomes unnecessary for us to decide whether or not it was futile for the taxpayers to have made such demand.

The chancellor erred in sustaining a general demurrer to the amended petition, for which reason the judgment is reversed for proceedings consistent with this opinion.