## Upton v. Whitley County.

May 3, 1949.

Lawrence S. Grauman, W. L. Rose and Joe S. Feather for appellant.

Shumate & Shumate for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an action brought by a taxpayer on behalf of Whitley County to recover certain sums allegedly paid illegally to its county attorney, the appellant herein.

The petition set forth the payments to the county attorney and the alleged grounds of their illegality and further stated that no demand had been made upon the fiscal court to act prior to the institution of this suit for the reason that the demand would have been futile, due to the fact that a majority of the members thereof were opposed to the institution of an action of this nature.

The appellant filed a special demurrer to the petition wherein he stated that no demand was made upon the fiscal court to institute the action, and that a majority of the presently constituted court were not members thereof when the acts complained of were committed. A motion to strike the latter allegation from the special demurrer was sustained and the demurrer was then overruled. Thereafter, a judgment was entered allowing a recovery of a part of the sum sought. Both parties have appealed.

The fiscal court is by law entrusted with the management of the county's affairs, KRS 67.080, and it is vested with the primary right to bring all suits on behalf of the county. The general rule is that an individual has no standing to bring a suit on behalf of the county until there has been a demand upon and a refusal by those whose primary duty it is to bring the action. Pike County v. Young, 266 Ky. 588, 99 S.W.2d 749; Williams v. Stallard, 185 Ky. 10, 213 S.W. 197. The exception to this rule is that a demand will not be required where it would be futile. Taylor v. Todd, 241 Ky. 605, 44 S.W.2d 606. Here, other than a mere conclusion that a majority of the court would be opposed to the institution of the suit, the only circumstance tending to show the futility of making a demand is the fact that no action has been taken for a period of about two and one-half years.

Mere inaction on the part of those whose primary duty it is to bring the suit can not relieve the interested taxpayer from making a demand, for inaction is the very evil sought to be remedied by the requirement of demand. The only instance in which a demand can be dispensed with is where the court has affirmatively demonstrated that, although aware of the existence of a cause of action, it would refuse upon demand to prosecute it, and even in such situations it is advisable that the members of the court be made parties defendant in the action. Particularly must there be an affirmative showing of an unwillingness to act on the part of the court where, as here, a majority of the members were not in office at the time of the commission of the alleged wrong for which redress is sought. To hold otherwise would seriously hamper fiscal courts in their duty of administering the county's affairs. The facts presented here do not warrant the conclusion that the court would have arbitrarily declined to bring the action upon a proper demand to do so.

Having made no demand upon the fiscal court, and no circumstances having been presented which would relieve the necessity of making such demand, the taxpayer had no standing to sue on behalf of the county and the special demurrer to her petition should have been sustained. Obviously, any discussion on the merits

of the questions raised on either the original or the cross appeal is precluded.

For the reasons given the judgment is reversed, with directions to set it aside and to sustain the special demurrer.