## Howard v. Ader.

December 5, 1950.

James S. Forester, Judge.

214

G. G. Rawlings for appellant.

Daniel Boone Smith and Ray O. Shehan for appellee.

JUDGE CAMMACK—Reversing.

This action was instituted by Henry C. Howard as a taxpayer on behalf of the taxpayers of Harlan County against Ruby Ader, Clerk of Harlan County. The third paragraph of the petition follows:

"3. Plaintiff states that as County Court Clerk, defendant is responsible for the amounts of money she collects for the County and that she now owes the County various sums of money which she has collected and appropriated to her own use and benefit without turning over to Harlan County Ky. and that by reason of such amounts being due and unpaid, he has presented the matter to the regular qualified and acting Fiscal Court of Harlan County Ky. in session and individually and that they have now and refuse to maintain an action against her for the recovery of the money, and he now constitutes himself an agent for the taxpayers of Harlan County Ky. to bring said action on their behalf."

In subsequent paragraphs of his petition Howard set forth the items which he sought to collect from the clerk. A general demurrer was sustained to the paragraphs relating to three of the items. There was left in issue an item concerning charges made against the county for recording certificates of discharge for veterans. Subsequently a special demurrer was sustained to the petition on the ground that Howard did not have legal capacity to maintain the action. This appeal is from an order sustaining the special demurrer and dismissing the petition.

As pointed out in Land v. Lewis, 291 Ky. 800, 165 S. W. 2d 553, 555, a taxpayer may not institute an action such as this one without first making demand upon

the fiscal court that it sue, and that body has failed or refused to act. No demand is necessary where it is apparent that it would be futile to make one. Upton v. Whitley County, 310 Ky. 174, 220 S. W. 2d 375.

In the Land Case there was a written demand calling upon the fiscal court to recover from the clerk such sums as had been ''wrongfully, improperly or illegally used, disbursed or withheld'' by the clerk. The notice set out further that, in the event the action was not brought immediately, citizens and taxpayers would institute suits. In commenting upon the sufficiency of the notice it was said:

''This notice is far from being all that could be desired. It fails to state the amount of money due by the clerk, or to whom he wrongfully paid it, or whether he improperly withheld for his own benefit money rightfully going to the county, or expended the county's funds for illegal purposes. We are not saying that such statement should be itemized, but that it should be full enough to apprise the fiscal court upon what the taxpayer is basing his demand so that body may determine whether or not there is reasonable cause for the demand, as well as reasonable grounds for a suit upon its part against the alleged delinquent official. Ordinarily, we would hold this demand insufficient on account of indefiniteness. But in view of the closeness of the official relations existing between the fiscal court and the county court clerk, we feel constrained to say the demand was sufficient.''

There was no written notice in the case at bar, but it was alleged that the matter had been presented to the regular qualified court in session and individually and that the court had refused to bring the action. It is the opinion of a majority of the members of the Court that this allegation was sufficient, it being their view that the nature of, and the circumstances surrounding, the demand would be a matter of proof. Circumstances similar to those in the case at bar and the Land Case were involved in the case of Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

For the reasons given the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.