## BENNETT v. WHITLEY COUNTY.

Court of Appeals of Kentucky.

Oct. 26, 1951.

Joe Feather, T. E. Mahan, and R. L. Brown, all of Williamsburg, for appellant.

Shumate & Shumate, Irvine, for appellee.

CULLEN, Commissioner.

On behalf of Whitley County, a citizen and taxpayer of the county brought action against Morten Bennett, County Judge, to recover certain sums alleged to have been paid to the judge illegally out of county funds, in excess of his lawful salary, during a previous term of office and during his present term. In the first paragraph of the petition, recovery was sought of sums paid to the judge in excess of the salary fixed by the fiscal court, and in the second paragraph recovery was sought of a portion of the fixed salary payments, on the ground that the fiscal court had not complied with the law in fixing the salary.

General and special demurrers to the petition were overruled as to the first paragraph of the petition, but the general demurrer was sustained as to the second paragraph. The defendant then filed an answer, to which a demurrer was sustained. Thereupon judgment was entered for the amount prayed for under the first paragraph of the petition.

On direct appeal, the defendant maintains that his special demurrer should have been sustained as to the entire petition, and on cross-appeal the plaintiff urges that the general demurrer should not have been sustained as to the second paragraph of the petition.

The sole question on the direct appeal is whether the petition stated facts sufficient to establish the capacity of the plaintiff taxpayer to maintain the action, in the light of the rule that a taxpayer cannot bring an action on behalf of the county unless the fiscal court has been demanded to bring the action and has refused, or unless it is shown that a demand would be useless or futile.

The action was filed in 1948, at which time the members of the fiscal court were those who were elected in 1945 and who took office in January 1946. The petition alleged that on various dates in 1945 the fiscal court made orders authorizing illegal payments to the county judge, and that in October 1947 the fiscal court made an order for another illegal payment. The petition further alleged that the county judge had been reelected in 1945 and was serving as county judge at the time the action was commenced. Concerning a demand on the fiscal court, the petition alleged: " * * * that no demand has been made upon the Fiscal Court of Whitley County, Kentucky, to institute or authorize the institution of an action to recover for said county the money hereinafter set forth, because same would be a useless and futile gester (sic) as a majority of the members of the Fiscal Court of said County are opposed to the institution of an action to recover said money and would vote against giving authority for its institution; that the County Attorney of said county is likewise opposed to the maintenance of said action because there has been allowed to him by the Fiscal Court of said county money contrary to law and contemporaneous herewith an action is being filed by the plaintiff on relation of the citizen and taxpayer aforesaid to recover said money for said county."

There was no allegation that the members of the fiscal court, or a majority of them, in office at the time the action was brought, were the same as those in office at the time the illegal payments were voted, although perhaps it could be assumed that the members who voted the payment in October 1947 were still in office when the action was brought in 1948. With respect to the latter payment, there was no allegation that the members of the fiscal court knew they were acting illegally or that their action was deliberately wrongful.

In Upton v. Whitley County, 310 Ky. 174, 220 S.W.2d 375, which was a companion action brought by the same taxpayer against the county attorney of Whitley County, to recover alleged illegal payments to him, and in which the allegations of the petition were substantially the same as in the instant action, this Court held that the allegation that a majority of the fiscal court would oppose the bringing of the action was a mere conclusion, and that mere inaction on the part of the fiscal court for a period of two and one-half years was not sufficient to establish the futility of a demand.

The Upton case is sought to be distinguished on the grounds that in the instant case the defendant, as county judge, is a member of the fiscal court, and one of the illegal payments sought to be recovered was voted by the same members of the fiscal court who were in office when the action was brought. In view of the fact that the county judge is only one member of the nine-member fiscal court of Whitley County, and that there is no allegation in the petition in this case that the members of the fiscal court deliberately and willfully voted the illegal payment, knowing it to be illegal, we do not find any merit in the claimed distinctions.

In Williams v. Stallard, 185 Ky. 10, 213 S.W. 197, a taxpayer sued to recover alleged illegal payments to a county judge, who was still in office when the suit was brought. The petition alleged that the present fiscal court was continuing to make the illegal payments. These facts were held not sufficient to obviate a demand on the fiscal court.

The appellee relies on Estill County v. Noland, 301 Ky. 204, 191 S.W.2d 223, but in that case the action was not brought by a taxpayer, but by the county attorney, and there was a positive allegation that all of the members of the fiscal court who were in office at the time of the suit, had voted for illegal payments, and were continuing each month to vote for illegal payments.

It is our opinion that the petition in the case before us did not allege facts sufficient to excuse the failure to make a demand on the fiscal court, and that the special demurrer should have been sustained as to the entire petition. This automatically disposes of the plaintiff's contention, on cross-appeal, that the court should not have sustained the general demurrer as to the second paragraph of the petition.

The judgment is affirmed on the cross-appeal, and reversed on the direct appeal with directions to sustain the special demurrer.