Joe H. COOLEY et al., Appellants,

v.

Troy STURGILL et al., Appellees.

Polk SAUNDERS et al., Appellants,

v.

Duran MOORE, Individually and as County Court Clerk of Floyd County, et al., Appellees.

GOOD GOVERNMENT TAXPAYERS LEAGUE, Inc., et al., Appellants,

v.

A. B. MEADE, Individually and as Sheriff of Floyd County, et al., Appellees.

Court of Appeals of Kentucky.

June 8, 1956.

Rehearing Denied Oct. 19, 1956.

Jesse K. Lewis, Lexington, for appellants.

C. Kilmer Combs, Prestonsburg, James Wine, Jr., Pikeville, J. B. Clark, Prestonsburg, for appellees Troy Sturgill and others.

Joe Hobson, J. B. Clark, Prestonsburg, for appellees Duran Moore, individually and as County Court Clerk of Floyd County, and others.

Joe Hobson, Paul E. Hayes, J. B. Clark, Prestonsburg, for appellees A. B. Meade, individually and as Sheriff of Floyd County, and others.

WADDILL, Commissioner.

This is an appeal from a judgment of the Floyd Circuit Court sustaining defendants' special answer and plea in abatement and dismissing plaintiffs' suits. These actions were instituted by taxpayers of Floyd County, who were allegedly acting for and on behalf of the county, against Troy Sturgill, former sheriff, Duran Moore, county clerk, and A. B. Meade, sheriff. The fiscal court was made a party defendant in each action. Plaintiffs sought to recover certain sums allegedly illegally paid to the three county officials by the fiscal court, and sums illegally retained by these officials.

Defendants by their special answer and plea in abatement challenged the taxpayers' right to maintain these actions because: (1) No demand had been made upon the fiscal court to bring an action to recover the amount allegedly due from the county officials, and there had been no refusal on the part of the fiscal court to bring such an action; and (2) such a demand, if made, would not have been futile. The Special Judge, after hearing much proof on the issue made by defendants' plea, found that the evidence supported the defenses asserted, and concluded that plaintiffs had no legal right to maintain these actions.

■ The first ground urged by appellants to obtain a reversal of these judgments attacks the qualification of Judge Lawrence Grauman to act as Special Judge. At the time the Chief Justice of this Court appointed Judge Grauman to hear and determine these cases, he was a regular judge of the Thirtieth Judicial District, a court of continuous session. Appellants made no objections to the qualifications of the Special Judge, but now contend that under the provisions of KRS 23.220, then in effect, a judge of a court of continuous session was not qualified to sit as a special judge, and further contend that the disqualification is jurisdictional, permitting its assertion at this time.

It is not necessary to determine whether or not the statute, KRS 23.220, disqualified a judge of a court of continuous session from sitting as a special judge, for no objection was made at the time of trial and we have held that such objection cannot be made for the first time on appeal. Sevier v. Sevier, Ky., 280 S.W.2d 526; Martin v. Stumbo, 282 Ky. 793, 140 S.W.2d 405; also see 30 Am.Jur., Judges, Sections 100–102, 108.

■ We next consider the question of demand upon the fiscal court to bring these actions to collect the amounts allegedly due. Appellants sent a memorandum to each member of the Floyd County Fiscal Court calling upon them "to take proper and immediate actions against all public officials

or ex-public officials who have collected and received compensation in excess of the amount allowed by law and who have not refunded to Floyd County in excess of the compensation allowed by law." The trial court found that this memorandum did not advise the officers of the fiscal court of the name of anyone against whom action was demanded, the exact basis for an action to be instituted, or the approximate amount claimed to be owing, and therefore properly held that such demand was insufficient and had not met the minimum standards set forth in Land v. Lewis, 291 Ky. 800, 165 S. W.2d 553.

■ Appellants urge that even though there was no demand made, the provisions of KRS 68.100(2) dispense with the necessity of any demand if the county attorney fails to institute an action for six months. This section of our statute, however, applies to cases where taxes have been levied for one purpose and are diverted to another purpose by the fiscal court, and has no application to allegedly unauthorized or excessive payments. This distinction was pointed out in Woodruff v. Shea, 152 Ky. 657, 664, 153 S.W. 1005, 1009. We have held many times that where it is alleged that county officials have received unauthorized compensation, taxpayers must first demand that the fiscal court maintain the action, unless such demand would be futile. See, Bennett v. Whitley County, Ky., 243 S.W.2d 54; and Upton v. Whitley County, 310 Ky. 174, 220 S.W.2d 375.

■ The final contention of appellants is that even if these cases did not properly come under KRS 68.100(2), a demand upon the fiscal court would have been futile, and therefore these actions were properly brought by the taxpayers. Taylor v. Todd, 241 Ky. 605, 44 S.W.2d 606. The trial court heard oral testimony on this issue for a period of three days, and found that a demand would not have been futile. Hence, it was adjudged that the taxpayers had no legal right to maintain the actions. Upton v. Whitley County, 310 Ky. 174, 220 S.W.2d 375; Bennett v. Whitley County, Ky., 243 S.W.2d 54. We have reviewed the record,

which includes the entire transcript of evidence and the trial judge's findings, and we cannot say that his ruling was clearly erroneous. CR 52.01.

For the reasons stated, the judgment is affirmed.

SIMS, J., absent, and not sitting.