**Wm. H. FARLER et al., Citizens and Taxpayers of Perry County, Kentucky et al., Appellants,**

**v.**

**PERRY COUNTY BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

Rehearing Denied April 20, 1962.

Jesse K. Lewis, Lexington, for appellants.

Harold Garland Wells, Maxwell P. Barret, Willis W. Reeves, W. M. Melton, H. B. Noble, C. A. Noble, Sr., Don A. Ward, Hazard, G. C. Wilson, Hazard, James Miniard, Lexington, Richard D. Cooper, Hazard, Woodward, Hobson & Fulton, R. I. McIntosh, Ed P. Jackson, Louisville, A. E. Funk, Jr., Middlesboro, B. E. Mullins, Paintsville, Hazelrigg & Cox, Frankfort, Hiram Brock, Jr., Harlan, John L. Davis, Stoll, Keenon & Park, Elwood Rosenbaum, Lexington, for appellees.

WILLIAMS, Judge.

The appellants, William H. Farler and Wiley Adams, brought this action as taxpayers for and on behalf of all affected taxpayers and the Perry County School Board. Named as defendants were the Perry County Board of Education, past and present members of the Board, past and present treasurers of the Board, and approximately 40 other individuals and firms. Complaint was that the Board had made unlawful expenditures of school funds, had created an indebtedness in excess of the total income without consent of the voters of the district, had exceeded the school budget, et cetera. Judgment was demanded against the officials who had performed the alleged unlawful acts and against the individuals and firms who had lent money or furnished supplies to the Board. A motion to dismiss was sustained by the circuit court; hence this appeal.

We are concerned with the order sustaining the motion to dismiss, wherein Special Judge W. L. Rose said:

"The Court's primary motivation in sustaining the motion to dismiss is the fact that no demand has been made, nor do the pleadings allege that any demand has been made either upon the Board as it was constituted in 1958 during the alleged wrongful and unlawful and unauthorized acts, nor do the pleadings claim or raise the question that such demand or even notice was made to the Board as presently constituted. In fact, the pleadings disclose that there was a different School Superintendent in 1959 and two different Board members beginning in 1959 and the pleadings disclose no demand being made, either formally or informally, upon either Board, which in the Court's opinion is fatal in a suit maintained as a class action by two or more taxpayers.

" 'Mere inaction on the part of those whose primary duty it is to bring a suit for county cannot relieve interested taxpayers from making a demand upon them before seeking to bring suit on behalf of the county.' Upton v. Whitley County, [310] Ky. [174], 220 S.W.2d 375. Also, Cooley, et al. v. A. B. Meade [Sturgill], Ky., 293 S.W.2d 634.

"Although affidavits of various members of the Board of Education are cited in support of the motion, the Court does not feel called upon to comment thereon since this question is not raised in the issue due to plaintiffs having failed to allege that demand was made upon either Board.

"The Court, in sustaining the motion and overruling the objection to the motion and in dismissing this action for lack of capacity to maintain it, is well aware of the exception to the rule as cited in plaintiffs' brief that where it would be 'clearly futile' or where the persons to be sued have committed acts that constituted a charge against them.

"However, since the Court must decide between the two questions and he feels that the necessity of making demand far outweighs any presumption that he could draw that these defendants on the School Board would not

file the suit if demand were made upon them so to do."

◾ The complaint did not allege that demand to bring the action had been made upon the Board or that it would have been futile to make such demand. After the order dismissing the complaint had been entered a motion for leave to amend and plead futility of demand was overruled by the circuit court. The issue was considered as if futility of demand had been pleaded, and the complaint was dismissed for lack of capacity to sue. Under the circumstances an amended complaint would have served no purpose. Appellants maintain that lack of capacity to sue may not be raised under CR 12.02, but we note that under CR 9.01 the issue of capacity to sue may be raised by negative averment. The motion made here did raise the issue and was so construed by the circuit court. The presentation of that question may be made by preliminary motion prior to a responsive pleading on the merits. See Clay, CR 9.01, Comment 3.

◾ The rule is that an individual has no standing to institute an action on behalf of those whose primary duty it is to bring it until demand is made and refused. The exception to the rule is that demand will not be required where it would be futile. Upton v. Whitley County, 310 Ky. 174, 220 S.W.2d 375. It was the primary duty of the Board to institute this action. In Reeves v. Jefferson County, Ky., 245 S.W.2d 606, 608, it was said:

"* * * Likewise, our statutes, KRS 160.160, 160.290, place upon the boards of education, not the taxpayers, the initial responsibility of maintaining legal actions on behalf of the school districts. Furthermore, this court refuses to permit a taxpayer to bring suit in a matter concerning public funds until he has first requested the authorized school board, county or other public body to institute such action and the official body has refused to comply.

Commonwealth, by and through Barton v. Mauney, 1935, 258 Ky. 429, 80 S.W. 2d 568, and cases cited therein."

◾ Appellants argue that taxpayers have the right to institute an action such as was brought in this case. Many cases are cited which hold that taxpayers have the right to institute actions under many and varied circumstances. However, the question before us now is not whether these taxpayers have a right to maintain this action but whether these taxpayers have exhausted the necessary prerequisites which permit them to file this suit. That it was the primary duty of the Board to institute this action has been pointed out in Reeves v. Jefferson County, supra. No demand having been made on the Board to bring this suit, it must be clearly shown that such demand would have been futile. Appellants state that some of the members of the past Board are on the present Board, and, as a consequence, it would be tantamount to demanding that they sue themselves. The appellants have sued not only the present and past members of the Board, but also the present and past treasurers of the Board, the bonding companies, the banks from which money was borrowed, the corporation from which typewriters were purchased, the supply houses from which supplies were procured, and many others. If there is a cause of action against one or more of these appellees, exclusive of the members of the Board, then it cannot be said that the Board members would be suing themselves if action were taken against the others. But, beyond that, the Board must be given the opportunity to initiate action concerning public funds unless it is convincingly shown that such action would not have been taken. In Bennett v. Whitley County, Ky., 243 S.W.2d 54, a taxpayer brought suit to recover certain sums alleged to have been illegally paid out by the fiscal court. The petition also alleged that demand on the fiscal court would have been futile. At the time the action was brought the members of the

fiscal court were the same members who had authorized the payments, and it was held that that was not a sufficient reason to excuse the failure to make demand on them. And in Upton v. Whitley County, supra, it was held that mere inaction on the part of those whose primary duty it is to bring suit cannot relieve the interested taxpayer from making a demand, for inaction is the very evil sought to be remedied by the requirement of demand.

If any of the appellees are guilty of fraudulently, unlawfully and unconstitutionally depriving the Perry County School District of its monies, they should be required to make restitution. However, there must be orderly procedure. Judge Thomas pointed out in Williams v. Stallard, 185 Ky. 10, 213 S.W. 197, 199:

"* * * The opinions hold that, while a citizen and taxpayer is directly interested in such matters, he cannot start the machinery of the courts in motion upon his own initiative, unless some officer or agency of the county, whose primary duty it is to do so upon request, has declined; that while the efforts of the citizen and taxpayer to see that the public funds of the county are not misappropriated and squandered is to be encouraged and commended (Fox v. Lantrip, 169 Ky. 759, 185 S.W. 136), still it is better that, before the courts will recognize such efforts of the citizen and taxpayer, by upholding a suit or proceeding instituted by him, it should be made to appear that the one whose primary duty to do so upon request has declined. Any other rule would open the door of the courts to any overofficious citizen who might be dissatisfied with some lawful action of the fiscal court, or who might entertain a personal grievance or grudge against some member thereof, or against some officer or person affected, however groundless, to file unwarranted suits, resulting in an unnecessary loss of time to the officers of the county and also to the courts in disposing of the cases. It would also result in lending encouragement to one who is not vested with duties or discretion in such matters to substitute his judgment and discretion for that of those to whom the law has confided them."

The special circuit judge properly refused to presume that the Board would not have brought suit had demand been made.

Judgment affirmed.