**COMMONWEALTH of Kentucky on relation of H. W. BAKER et al., Appellants,**

v.

**WHAYNE SUPPLY COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1963.

Jesse K. Lewis, Lexington, for appellants.

Carl L. Wedekind, Jr., Stites, Peabody & Helm, S. M. Rosenstein, Louisville, Edward Jackson, Beattyville, Smith, Reed & Leary, Frankfort, for appellees.

STANLEY, Commissioner.

This action was instituted by H. W. Baker and three other taxpayers of Owsley County, as relators of the Commonwealth, for the use and benefit of themselves and other taxpayers against the members of the fiscal court, several present and former county officials and the sureties on their respective bonds to recover alleged unauthorized and illegal expenditures of the county's funds. Included as defendants were Whayne Supply Company and Brandeis Machinery and Supply Company, both corporations with their principal offices in Louisville. It was charged that these defendants had been paid certain sums of money for road machinery sold under contracts with the county, which contracts, it was alleged, were illegal and void because of the failure to receive competitive bids, and the payments were made in excess of the county budgets, and other grounds. Similar claims were asserted against other companies and individuals.

The Whayne and Brandeis companies, respectively, filed motions to dismiss the action for failure of the complaint to state a claim against them upon which relief could be granted. It was stated that the

complaint affirmatively showed that the plaintiffs "lack the legal capacity to institute and maintain the action." One of the several bases for this allegation was that the plaintiffs had not first made demand on the county or its fiscal court to sue the defendants on the claims or alleged that such demand would have been useless. The motions to dismiss also pleaded the absence of venue because each corporation was domiciled in Jefferson County and had been served with summons in that county. There were other grounds for the motion.

The circuit court sustained the motions and dismissed the actions against these defendants on the ground of improper venue. The plaintiffs then moved for a reconsideration and filed amended complaint, which substantially charged that the contracts and purchase agreements with the defendants had been made and executed in Owsley County. Another order was entered dismissing the complaint as against these two defendants on the same ground of improper venue, and this judgment was stated to be final and that there was no just reason for delaying an appeal. CR 54.02.

We have some doubt as to the correctness of dismissing the complaint on the ground of improper venue. We think, however, that the dismissal was proper on the ground that the pleading did not show the requisite condition that the plaintiffs were entitled to relief which the court could properly grant, namely, judgment in behalf of the county and its taxpayers. CR 8.01.

It has long been held that the fiscal court of a county and not a taxpayer is vested with the primary duty to institute suits for the recovery of money for the county, and that a taxpayer is not permitted to bring suit in matters concerning public funds until he has first requested the fiscal court to do so and that official body has refused to comply. This well established rule, however, is qualified. A taxpayer does have the right to institute such a suit where it appears that demand of the fiscal court would have been futile. Land v. Lewis, 291 Ky. 800, 165 S.W.2d 553; Upton v. Whitley County, 310 Ky. 174, 220 S.W.2d 375. We have recognized that this requisite condition for maintaining the action, i. e., a demand or its futility, must be alleged. Pike County v. Young, 266 Ky. 588, 99 S.W.2d 749; Upton v. Whitley County, supra; Howard v. Ader, 314 Ky. 213, 234 S.W.2d 733. We conclude, therefore, that the dismissal of the complaint was proper.

The judgment is affrmed.